SOUTH PARK COMMISSIONERS

v.

CHARLES B. PHILLIPS ET AL.

*Intervening Petition to Enforce Equitable Lien on Fund in a Court of Equity—Jurisdiction—Jury—Discretion—Findings of Fact—Practice—Attorney's Fees—Lien.*

1.   A court of equity having custody of a fund is the proper forum in which to assert an equitable lien thereon.   Where an intervening petition is filed for that purpose, and the defendant answers, he thereby submits the issue to the court and is bound by its action.   Whether the issue shall thereafter be submitted to a jury is wholly within the discretion of the chancellor.

2.   In the case presented it is *held:*   That the master's report contains findings of fact which fully support the decree; that the confirmation of the report by the decree was, in legal effect, the adoption of such findings as the basis of the decree; that the defendant should have preserved the evidence in the record, if he desired to have this court review the findings of fact upon which the decree is based; and that the question of lien for attorney's fees is not involved, as the lien sought to be asserted grew out of an express contract and assignment of a portion of the fund.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. JOHN GIBBONS, for Charles B. Phillips.

Mr. H. S. MONROE and W. J. TEWKESBURY, for petitioners.

MORAN, J.   On November 2, 1885, Monroe and Tewkesbury, attorneys at law, filed an intervening petition in the above entitled cause against said Charles B. Bhillips, alleging, in substance, that petitioners had rendered to Phillips certain legal services in trying and arguing the cause of said Phillips against South Park Commissioners, which services were rendered in pursuance of two certain agreements of said Phillips, which were in the words following:

South Park Commissioners v. Phillips.

" For and in consideration of the legal services of Henry S. Monroe in appearing, trying and arguing the case now pending before Judge Tuley, or in appearing and trying said cause in the United States Court in and for the Northern District of Illinois, in case said cause is transferred to that court, so far only as the validity of certain pretended contracts between Charles B. Phillips and the South Park Commissioners, or between said C. B. Phillips and Corydon Beckwith are concerned (it being understood that the only service to be required of said Monroe is to defend said Phillips against said pretended contracts to the best of his ability), I, the said C. B. Phillips, hereby agree, out of whatever I may receive from said park commissioners, or through an order and decree of any court, distributing the fund, I shall receive for the land appropriated for park purposes, to pay to said Monroe for such service the sum of $2,000, and this contract shall be regarded as an order and voucher for said above mentioned service. It being understood that said sum shall be paid only out of said fund. The further sum of $500 is to be allowed for the transfer of this cause to the United States court.

(Signed) " C. Burton Phillips."

" In consideration of the past services of Monroe and Tewkesbury in my suits, and in consideration of their procuring a bondsman to appeal the case lately decided by Hon. M. F. Tuley to the Supreme Court, and of their preparing and arguing said cause and rendering such service in my other cases as I may desire them to perform, I hereby assign, transfer and set over to said Monroe and Tewkesbury sufficient of the moneys to become due from the South Park Commissioners to me for my interest in the land mentioned in the decree of said M. F. Tuley aforesaid, to indemnify fully any one signing my said bond, and also to pay said Monroe and Tewkesbury for the services rendered and to be rendered by them and all their advances and expenses in my case over and above the sum of two thousand dollars, for which I have given them an assignment as stated therein. In case of any disagreement between myself and said Monroe and Tewkesbury as to the value of their services, the judge of the court

who shall have charge of the case and the distribution of the moneys to be paid by the South Park Commissioners, shall decide upon the amount due said Monroe and Tewkesbury, and said Monroe and Tewkesbury shall have the right to draw said amount and their receipt therefor shall be a full acquittance for the same.

"Chicago, March 4, 1885.

(Signed)　　　"C. B. Phillips."

An itemized bill of services rendered is set out in the petition and it is alleged that there was a decree rendered in said case of South Park Commissioners v. Phillips whereby said Phillips was to receive a large sum of money, which money was paid into court; that said Phillips has prayed an appeal in said cause, and declines to pay the amount due to petitioners, and petitioners claim a lien on the fund decreed to be paid to said Phillips, and have given notice of such claim to the South Park Commissioners. Prays for a rule on Phillips to answer, and that petitioners 'be awarded the amount of their claim, and said Phillips be decreed to pay the sum out of said fund, etc.

Phillips did not demur to this petition, but answered the same, denying that petitioners were entitled to recover anything for their alleged services, but admitting the making of the contracts above set out. A replication was filed to the answer, and on May 21, 1887, on notice to Phillips, the court ordered the matter of said petition to be referred to a master to take proof of the material allegations in said petition contained, and report the same with the findings thereon to the court.

On May 25, 1887, Phillips filed a motion in writing for a trial by jury upon the issues of fact made by the petition, and to set aside the reference to the master, which motion the court denied.

On November 7, 1887, the master filed his report, finding the amount due the petitioners to be $5,317. Exceptions to said report were filed and were heard by the court, and were sustained as to certain items, so as to reduce the amount allowed to petitioners to $4,317, for which a decree was

South Park Commissioners v. Phillips.

entered in favor of petitioners, and that amount directed to be paid out of the fund in court in said cause of South Park Commissioners v. Phillips.

From this decree an appeal is prosecuted by Phillips to this court.

Counsel for appellee makes as his first point against the decree that the court of chancery had no jurisdiction to try the question, and that even if the court had jurisdiction it had no right to deprive appellant of trial by jury on the issues involved.

The objection to the jurisdiction of the court comes too late. The case belongs to a class of cases involving contracts and the like, which, while they do not come within the ordinary jurisdiction of a court of equity, yet, inasmuch as these matters only want some equitable element to bring the case within such jurisdiction, the defendant, by answering to the merits instead of demurring, submits the cause to the court, and will not be permitted to afterward raise the question of jurisdiction for the first time on the hearing, much less on appeal. Richards et al. v. L. S. & M. S. Ry. Co., 124 Ill. 519; Same case, 25 Ill. App. 344.

A court of equity having custody of a fund is the proper forum in which to assert an equitable lien upon the same, and while it is true that the amount due petitioners for services was an issue properly triable in a court of law, yet appellant by his answer submitted that issue to the court in equity, and the court acted thereon and he is bound. 1 Dan. Ch. Pr. 608–610. Having submitted his case to the court of chancery he was bound to proceed with the trial thereof in compliance with the practice of that court. The regular mode of settling issues of fact in chancery is by reference to the master, and, while it is in the power of the court to submit issues of fact to the jury, still the granting or refusing a motion to refer an issue to a jury is a matter wholly within the discretion of the chancellor, and his action on the matter will not be reviewed. Dowden v. Wilson, 71 Ill. 485; Russel v. Paine, 45 Ill. 350; Milk v. Moore, 39 Ill. 584; Flaherty v. McCormick, 113 Ill. 538.

The master's report is on file and is a part of the record, but there is no certificate of evidence, and we are unable to say what evidence was heard by the master or by the court, except as certain testimony is recited in the report of the master.

There were certain exceptions filed to the report by appellant, the third of which was sustained by the court, and the report in all other respects confirmed by the court. The master's report contains findings of fact which fully support the decree, and the confirmation of the report by the decree is a confirmation of such findings of fact, and in legal effect an adoption of such findings as the basis of the relief granted by the decree.

If appellant desired to have this court review the findings of fact upon which the decree is based, he should have brought the testimony to this court in the proper manner, so that we might inquire from it whether the facts were erroneously found.

In the absence of such evidence we are obliged to conclude that it warranted the findings made by the master and confirmed by the decree. Groenendyke v. Coffeen, 109 Ill. 325.

Counsel has cited a number of authorities on the question of lien for attorneys' and solicitors' fees. No such question is involved in this case. Here the lien sought to be asserted grew out of an express contract and assignment of a portion of the fund.

The decree of the Circuit Court must be affirmed.

*Decree affirmed.*