# National Safe and Lock Co. v. The People of the State of Illinois.

1. PRACTICE ON APPEALS—*Defective Bond—Waiver.*—Where the appellant filed a defective appeal bond, a stipulation was signed and filed by the parties giving appellee ten days further time in which to file his briefs. *It was held* that the stipulation was a waiver of the irregularity of the bond.

2. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Possession of Assignee.*—After the property of the person making an assignment for the benefit of creditors goes into the possession of the assignee it can not be taken from his possession, with or without process, without the order of the County Court, but in the hands of the assignee, such property is subject to the same liens as when in the hands of the insolvents.

3. CHECKS—*Delivery to Payee—Assignment.*—A check, from its delivery by the drawer to the payee, is an assignment of so much of the drawer's money in the bank as is named in the check.

4. CHECKS—*Competing Checks—Priority of Payment.*—As between competing checks, where the drawer has not money enough in the bank to pay all, the banker pays the one first presented.

5. CHECKS—*Partial Assignments.*—Checks are an exception to the old rule that partial assignments of a fund are invalid. And the old rule no longer applies in equity.

**Memorandum.**—Assignment proceedings. Benefit of creditors. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the March term, 1893. Opinion filed August 5, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, CRATTY BROS. & JARVIS, ATTORNEYS.

The County Court, in the administration of insolvent estates, exercises equitable jurisdiction. Field v. Ridgely, 116 Ill. 424, 432; Ide v. Sayer, 129 Ill. 230, 235; Atlas Nat. Bk. v. More, 40 Ill. App. 338.

As between the parties, appellant, under the contract, has a lien upon the property for deferred payments. 1 Jones on Liens, Sec. 41. The assignee takes no greater rights than the assignor, and the seller's rights are superior to the assignee's. 1 Jones on Liens, Sec. 41; Taber, Asset Law,

p. 29; Davis v. Dock Co., 129 Ill. 187; Union Trust Co. v. Trumbull, 137 Ill. 179.

Where a depositor draws a check against funds to an amount sufficient to pay it, it operates as an equitable assignment to the payee of funds to the amount for which it is drawn. 1 Kenney's Ill. Digest, 442; Munn v. Burch, 25 Ill. 35.

MORAN, KRAUS & MAYER, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

December 10, 1892, the firm of Katlinsky & Gatzert made a voluntary assignment for the benefit of their creditors to the American Trust and Savings Bank, and their assets were being administered under the direction of the County Court.

The appellant filed a petition claiming a lien upon a safe, and asking relief. The assignee answered the petition, and the County Court denied all relief.

The appellant prayed an appeal, which was granted; bond to be filed in twenty days. A bond in which the people of the State of Illinois are obligees, for the use of the creditors of the firm, was filed, and approved by the judge of the County Court.

No briefs have been filed for the appellee, but the assignee, by attorneys, has filed a stipulation among the papers of this cause, as follows:

" In the Appellate Court of Illinois, First District.

NATIONAL SAFE & LOCK COMPANY v. AMERICAN TRUST & SAVINGS BANK, Assignee of Katlinsky & Gatzert, Insolvents. 4765–122.

It is hereby stipulated and agreed by and between the parties hereto that the appellee may have ten (10) days further time from April 6, 1893, in which to file briefs.

Chicago, April 6, 1893.

CRATTY BROS. & JARVIS,
Attorneys for Appellants.
MORAN, KRAUS & MAYER,
Attorneys for Appellee."

As the relief prayed was such as, if granted, must be by an order to be obeyed by the assignee, and as the assignee was the party contesting, the bond should have been to it as obligee. The appeal is not under the 26th section of the act concerning insolvent debtors of April 10, 1872, but under the 8th section of the act to establish Appellate Courts of June 2, 1877, as amended June 6, 1887. Union Trust Co. v. Trumbull, 137 Ill. 146.

We treat the stipulation as a waiver of the irregularity of the bond; had it been objected to, it would have been amendable under section 70 of the Practice Act.

The case is that the appellant, by a written contract, sold a safe to the insolvents. That contract provided " that the title of said safe shall not pass until the safe is paid for in full." That until so paid for, it should remain the property of the appellant, who, in default of payment, might take possession and remove the safe without legal process.

After the safe went into the possession of the assignee, the appellant could not, without the order of the County Court, take it from the assignee, with or without process. Hanchett v. Waterbury, 115 Ill. 220.

But in the hands of the assignee the safe was subject to whatever claim was valid against the insolvents. Davis v. Chicago Dock Co., 129 Ill. 180.

The last $100 of the price of the safe was long overdue, and in the evening of December 8, 1892, the insolvents gave a check for that sum, dated the next day, but which had not been presented for payment when the assignment was made. The insolvents had money enough in the bank to pay the check, but the assignee got both safe and money, if the record is true.

The appellant asked that the assignee sell the safe and pay it out of the proceeds, and for other and further relief. A check is, from its delivery to the payee, an assignment of so much of the money in bank; Bank of America v. Indiana Banking Co., 114 Ill. 483; though as between competing checks, with not enough money to pay all, the banker pays the one first presented. Myers v. Union Nat. Bk., 27 Ill. App. 254.

Checks are an exception to the old rule that partial assignments of a fund were invalid.  Chi. & N. W. Ry. v. Nichols, 57 Ill. 464.  And the old rule no longer applies, if it ever did apply, in equity.  Phillips v. South Park Com'rs, 119 Ill. 626; South Park Com'rs v. Phillips, 27 Ill. App. 380; Bispham Eq., Sec. 166; Phillips v. Edsall, 127 Ill. 535.

The assignee having, as the record says, the money which, as between the appellant and the insolvents, belonged to the appellant, should pay it over to the appellant.  Halle v. Nat. Park Bk., 140 Ill. 413; same case, title reversed, 41 Ill. App. 19.  If the money were gone, the court should have directed the sale of the safe, and payment from the proceeds.

The order of the County Court is reversed and the cause remanded.

We give no directions further than that the costs of this appeal must be paid by the assignee in the course of administration of the assets of the insolvents.

No judgment for costs can go against the people, and we suspect we are holding a moot court only as to the controversy.  Reversed and remanded.