66  491
168s 421

## Continental Investment and Loan Society v. William F. Wood.

1. CHANCERY PRACTICE—*The Record Must Sustain the Decree.*—In chancery proceedings the record must sustain the decree, but the facts upon which the final order is based if appearing in the findings of the master need not be reported in the decree.

2. SAME—*Order upon the Master to Return the Evidence with his Report.*—If a party desires the master to return into court the testimony upon which his report is based, he must apply to the court below for an order requiring him to do so, but not having done so it is too late for him to complain for the first time in the Appellate Court.

3. SAME—*Exceptions to the Master's Report.*—If a party, dissatisfied with the master's report, fails to object and except to the same in the court below, he can not do so for the first time in the Appellate Court.

Foreclosure of a Trust Deed.—Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

### STATEMENT OF THE CASE.

This suit was commenced by defendant in error for the purpose of foreclosing a trust deed given by Mary E. and George W. Hoof, to secure an indebtedness to the complainant, aggregating $765.48, and evidenced by two notes of $382.74 each.

The bill of complaint states that the property conveyed by this trust deed had been sold by the complainant to the defendant, Mary E. Hoof, subject to a mortgage or trust deed previously given to the Cicero Building and Loan Association, to secure a loan of $3,400; that complainant conveyed said property to said Mary E. Hoof by a deed dated February 1, 1892; that on and prior to said February 1st, George W. Hoof, the husband of said Mary E. Hoof, was in possession of the premises as a tenant; that the trust deed, under which complainant claims, was dated February 1, 1892, but was not acknowledged until May 17, 1893, nor recorded until June 7, 1893.

The bill further shows that prior to the recording of the

trust deed under which the complainant claims, two trust deeds were executed by Mr. and Mrs. Hoof to the Title Guarantee and Trust Company to secure indebtedness to the plaintiff in error, one thereof being dated October 1, 1892, and recorded October 17, 1892, and given to secure notes aggregating the sum of $4,752, and the other thereof being dated June 5, 1893, and given to secure notes aggregating the sum of $1,584.

The bill alleges that at the date of the execution and recording of said last above mentioned trust deed (dated October 1, 1892, and recorded October 17, 1892, and given to secure the sum of $4,752 owing to the plaintiff in error), neither said George W. Hoof nor Mary E. Hoof, his wife, had title to said premises, "and your orator charges that said deed is subordinate to your orator's deed, and that your orator's said trust deed being for purchase money, was part and parcel of the same transaction, whereby your orator conveyed to the said Mary E. Hoof the said described premises." And as to the second of said deeds, as follows, viz.: "And your orator shows that the last above described notes and trust deed (dated June 5, 1893, and given to secure an indebtedness of $1,584), are subject to the interest of your orator."

The bill of complaint, in speaking of the claims of the plaintiff in error respecting the question of priority, states: "Said Continental Investment and Loan Society claims that its said trust deed, dated October 1, 1892, and recorded prior to your orator's purchase money trust deed, is an incumbrance superior in equity to your orator's said purchase money trust deed."

The bill charges that the trust deed, dated October 1, 1892, under which plaintiff in error claims, was executed and recorded prior to the recording of the warranty deed from the complainant to Mrs. Hoof, dated February 1, 1892.

The bill charges that complainant "conveyed, by warranty deed, the said premises to Mary E. Hoof, wife of George W. Hoof, upon the 1st day of February, 1892, being

the same day upon which said Mary E. Hoof and George W. Hoof, her husband, executed said trust deed for part of the purchase money."

There is no allegation as to the date of the execution and delivery of the notes secured by the deed under which complainant claims.

The answer admits that complainant sold the property to the Hoofs.

The case was referred to a master, with orders to take testimony and report his conclusions to the court. This he did. His report is in part as follows:

" That the Continental Investment and Loan Society claims its two trust deeds recorded October 17, 1892, and June 5, 1893, should be preferred to the trust deed of Frederick Arndt, recorded June 7, 1893.

That originally John C. Hoof, William F. Wood and one Summers were engaged in a building enterprise; that they contracted to sell the premises in question to George W. Hoof, the father of said John C. Hoof, for $4,500, and subsequently the said John C. Hoof and the said Summers sold their interest to William F. Wood; and George W. Hoof went into possession of the property before any of the trust deeds above mentioned and warranty deed were executed; that the property at the time of the sale was incumbered by the mortgage to the Cicero Building and Loan Association; that the evidence shows that as between Mary E. Hoof, George W. Hoof and William F. Wood, the trust deed to William F. Wood was a prior lien to the two trust deeds of the Continental Investment and Loan Society; that some question arose concerning the carrying out by George W. Hoof of his agreement, and proceedings in forcible entry and detainer were instituted, and while such proceedings were pending, and on or about May 1, 1892, the parties interested met in the chambers of Judge Dunne and talked over the obligations of George W. Hoof, and the rights of the Continental Investment and Loan Society, and William F. Wood; that a check of $508.35 was paid to Wood by Summers, as part of the purchase money due by Mary E.

Hoof, and Summers, and John C. Hoof. Summers, being the secretary of the Continental Investment and Loan Society, testified that he said at the meeting he would refuse to pay over the check to Wood unless Wood would agree that the trust deeds to the Continental Investment and Loan Society should be a prior lien to the trust deed of Wood; that this is denied by Wood, but, considering all the evidence, I am of the opinion and find that the evidence is not sufficient to establish such agreement; that the rights of Wood existed prior to the execution of the trust deed by Hoof to the Continental Investment and Loan Society, and inasmuch as its secretary had notice of the purchase money still due Wood, the society must be considered as accepting its trust deeds from Hoof, subject to the lien of Wood, for the balance of the purchase money. That the lien of the Continental Investment and Loan Society under its trust deed, is subject to the lien of Wood for the amount due him. The amount due Wood from Mary E. Hoof and George W. Hoof, including solicitors' fees of $200, is $1,148.36. The amount due the Continental Investment and Loan Society from George W. Hoof and Mary E. Hoof is $2,439.19, and I find, first, that the Cicero Building and Loan Association is entitled to a lien for $3,445.14; second, William F. Wood is entitled to a lien for $1,148.36, subject to the lien of the Cicero Building and Loan Association; third, the Continental Investment and Loan Society is entitled to a lien for $2,439.19, subject to the liens of the Cicero Building and Loan Association and William F. Wood."

The master finds that all the material allegations of the complaint are proven and true, and recommends that the prayer of the bill for foreclosure be granted, subject to the lien of the Cicero Building and Loan Association.

DEFREES, BRACE & RITTER, attorneys for plaintiff in error.

LYNDEN EVANS, attorney for defendant in error; DANIEL EVANS, of counsel.

Mr. Justice Waterman delivered the opinion of the Court.

It is necessary in chancery proceedings that the record sustain the decree; but the facts upon which the final order is based, if appearing in the findings of the master, need not be repeated in the decree.

It is, in the absence of the testimony taken by the master, impossible for us to say that the court erred in overruling all exceptions, save one, to his report.

If the plaintiff in error desired that the master return into court the testimony by him taken, upon which his report was based, plaintiff in error should have asked the court to order the master so to do. It is too late for him now, for the first time, to complain of such omission. South Park Commissioners v. Phillips, 27 Ill. App. 380; Daniell's Ch. Pr. 1300.

Plaintiff in error should have objected and excepted to the report of the master allowing $200 for solicitors' fees, if dissatisfied therewith. The trust deed provides that the grantor shall pay all costs and attorneys' fees incurred or paid by the grantee or the holder of the secured notes, in any suit in which they or either of them may be plaintiff or defendant, by reason of being a party to said trust deed, or a holder of said notes, and that the same shall be a lien on the premises.

The master found that there was due $200 for solicitors' fees, and the court found an amount due which includes such $200.

This objection to the amount allowed for solicitors' fees can not, under these circumstances, be here raised for the first time.

The order of distribution of the proceeds of sale was in accordance with the bill, master's finding and decree.

The decree of the Circuit Court is affirmed.