## William Lanahan & Son v. Fred L. Drew, Assignee.

1. Voluntary Assignments.—*Power of Assignee to Estop Himself.*—An assignee, as such, is not estopped from claiming goods in his possession by reason of his having made statements that such goods did not belong to him, but were the property of a third person.

2. Same.—*Construction of the Statute.*—Section 47, chapter 72, R. S., relating to voluntary assignments, must be construed as relating to the power of the assignee to make use of, handle and preserve the insolvent estate and make title thereto in case of a sale, and not that misconduct or verbal statements of the assignee should estop him to the injury of the creditors of the estate, in the same way that a private individual would be held to be estopped.

**Voluntary Assignment.** Appeal from the County Court of Cook County; the Hon. Charles H. Donnelly, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

Parker & Pain, attorneys for appellants.

Bulkley, Gray & More, attorneys for appellee, contended that the property was in *custodia legis*, and that the sheriff had no right to levy upon it under executions issued from

another court. If the assignment was fraudulent, and on that account void, or if it was void for any other reason, or if the judgment creditors had a prior lien on the property, it was their duty, if they desired to contest it, to go before the County Court and ask for relief. Wilson et al. v. Aaron, 132 Ill. 238.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

In December, 1896, one Eugene Jacquet made a voluntary assignment to appellee as assignee. Pursuant to an order of the County Court of Cook County, said appellee received bids in open court for the fixtures and a stock of wines and liquors belonging to the estate of said insolvent, and on January 13, 1897, the bid of John H. Minges, amounting to $520, being the highest, was approved, and appellee was ordered by said County Court to execute a bill of sale of said property so sold to said Minges in consideration of the payment to appellee of said sum of $520. The bill of sale was never delivered by appellee to said Minges, because he failed to pay or offer to pay his bid or any part of it.

There is evidence in the record tending to show that possession of said property was delivered to said Minges by said assignee, and also evidence tending to show that the bid was made in the interest of and for said insolvent, but on the other hand, there is evidence tending to show that the bid was in good faith and in the interest of the creditors of the insolvent, and also that said property was never delivered by appellee to said Minges. We think the preponderance of the evidence is that there was never a delivery to said Minges.

Appellee made a delay in making other disposition of said property, to enable said Minges to procure the money necessary to pay his bid, it being stated to appellee that said Minges expected to procure the money from a brother of said insolvent, who was coming from France, but not receiving the money, he sold a portion of said property at retail, and, as he claims, had realized by such sales more than $520.

February 25, 1897, appellants caused a levy to be made on part of said property so sold to Minges by the sheriff of Cook county, under an execution on a judgment in favor of appellants and against said Jacquet, but what the amount of said judgment was, or in what court rendered, does not appear, no proof thereof having been made so far as shown by this record.

March 5, 1897, upon a petition filed in said County Court by appellee, said court entered a temporary restraining order against appellants and the sheriff from selling said property. To this petition appellants filed their answer; a hearing was had before said County Court, resulting in an order entered March 12, 1897, permanently restraining appellants and said sheriff from selling or removing said property, and directing said sheriff to turn over the same to appellee. Appellants prayed and were allowed an appeal from the latter order.

As stated, the preponderance of the evidence being that said property was never delivered, and no part of said Minges' bid therefor having been paid or offered to be paid, the sale to said Minges, approved by said County Court, was never consummated, and no title whatever passed to said Minges, and it is immaterial that there was evidence tending to show that the bid was made in the interest of said insolvent. Even if said assignee had knowledge that the bid of Minges was not made in good faith, and that is not shown in this case, still the County Court under the evidence had the right to prevent the sale of said property by the sheriff, and preserve it for all the creditors of said insolvent. Appellants claim, however, that appellee's conduct and statements shown by evidence on the hearing before the County Court, estop him from now claiming that the title to said property had not passed from appellee, and complain of the refusal by the County Court of their seventh proposition of law, viz.: " Where the assignee has made statements to a deputy sheriff levying an execution on personal property, that the personal property did not belong to him, the said assignee, but was the property of a third

person, then the said assignee is estopped by said statements from claiming title to said property."

There is a preponderance of evidence that at the time of the levy appellee stated to the deputy sheriff that he made no claim to the goods on which the levy was made.

It is claimed that Sec. 47, Ch. 72, Rev. Stat., relating to voluntary assignments, gives the assignee the same power to deal with the assigned estate as the *debtor had at the time of the assignment; but we are of opinion that this clause of the statute must be construed as relating to the power of the assignee to make use of, handle and preserve the insolvent estate, and make title thereto in case of sale thereof, and not that misconduct or verbal statements of the assignee should estop him to the injury of the creditors of the estate in the same way that a private person would be held to be estopped.

In the case of National S. & L. Co. v. People, 50 Ill. App. 336, this court held, in reference to contract between the appellant and insolvent, which provided that the title to a safe delivered to the insolvent should not pass until paid for in full, and in default of payment, appellant might take possession of and remove the safe without legal process, the safe having passed to the possession of the assignee, that appellant could not, without the order of the County Court, take the safe from the assignee, with or without process.

In Hanchett v. Waterbury, 115 Ill. 227, the Supreme Court said, speaking of the jurisdiction of the County Court of insolvent estates: "If, after the jurisdiction of the County Court has attached, third parties having real or pretended claims to or upon the trust estate, were permitted, by means of process issued out of other courts, to take possession of the property in the hands of the assignee, for purposes of litigation in such other courts, the County Court by this means might be deprived of its jurisdiction altogether." * * * "The assignee, the insolvent debtor, and all persons claiming an interest in or upon the fund, are subject alike to the summary jurisdiction of the court, and whatever rights, real or supposed, with respect

to the fund, must primarily be litigated therein," and held that a claimant of assigned property would not be allowed to replevy it from the assignee, but must present his claims to the County Court.

Appellants' counsel have referred us to Camp v. Moseley, 2 Fla. 171, as holding that an administrator would be estopped from afterward asserting title to property levied on by an officer, when he was present at the levy and did not object. We prefer rather to follow the course indicated by the Supreme Court of this State. We therefore are of opinion that the appellee should not be held to be estopped from claiming title to the goods in question, and that appellants should not have levied on the same, but should have presented their claims, if any, to the County Court, for adjudication. In any event, we can see no merit in the claim of appellants that they had a right to make said levy. Their judgment and execution was against Jacquet, and they claim that the goods in question were sold to Minges for Jacquet. No money was paid to the assignee, and he did not deliver possession of the goods to Minges or Jacquet. No title passed from the assignee, and therefore there was none in Jacquet on which the execution could be levied.

We think the seventh proposition of law was properly refused, that the finding of the County Court was justified by the evidence, and it is affirmed.