# The Chicago & Northwestern Railway Co.

*v.*

# Joshua A. Nichols *et al.*

1. JURISDICTION IN CHANCERY—*assignee of a contract—remedy at law.* A railroad company entered into a contract in writing with a person, by the terms of which the latter was to manufacture for the company a certain number of cars. This contract was assigned by the party who was to manufacture the cars, to another, who furnished a part of the cars, and assigned his interest in the amount owing upon the contract to certain persons to whom he was indebted for materials, furnished for the construction of the cars. These creditors thereupon instituted their suit in chancery against the railroad company, to enforce the payment of the money due under the contract, to them: *Held,* the complainants had no *status* in a court of equity. If there were any *bona fide* assignees of the contract, they could maintain a suit at law for their use.

2. SPLITTING A CAUSE OF ACTION. A cause of action arising upon a contract which is an entirety, can not be severed by means of partial assignments, so as to become the foundation of several suits instead of one.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. J. R. DOOLITTLE, Mr. H. B. TOWSLEE, and Mr. JOHN OLNEY, for the appellant.

Mr. JAMES L. STARK, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The Chicago & Northwestern Railway Company, and Van Kuran & Co., entered into a contract in writing, by the terms of which Van Kuran & Co. agreed to manufacture and deliver, to the Railway Company, a certain number of box cars, for a fixed price. Isaac Van Kuran composed the firm of Van Kuran & Co. On the second day after the making of such agreement, Van Kuran & Co. transferred the same to Andrew S. Van Kuran, by endorsement thereon. It is claimed that Andrew completed the cars, and therefore became entitled to compensation from the Railway Company; and appellees allege, that, to aid in the construction of the cars, they furnished Andrew goods and materials, and to secure them in the payment for such articles, he assigned and transferred to them, in writing, all his interest in the amount owing by the Railway Company, by virtue of the original agreement with Van Kuran & Co., amounting to over three thousand dollars.

Appellees filed their bill to enforce their rights resulting from such assignments, and materials furnished. The contract was for the manufacture of thirty cars, more or less, at eleven hundred dollars each. It is alleged that twenty had been delivered and ten more were ready for delivery, and that the balance due for the cars delivered, was seven thousand dollars.

30—57TH ILL.

Beside the assignment to appellees, Russell & Angell had transferred to them twelve hundred and fifty dollars out of the money due from the Railway Company. In addition thereto, and prior to the filing of the bill, the Barnum & Richardson Manufacturing Company instituted, in the Cook county circuit court, garnishee proceedings against the Railway Company, to secure the indebtedness of Isaac Van Kuran, and a judgment was rendered for over six thousand dollars. This is set up in the answer in bar of any decree for relief. Neither Andrew nor appellees were parties to these proceedings. One court orders the payment of the money to the creditors of Isaac; another to the creditors of Andrew. To permit this would be perpetrating gross wrong and injustice.

It is further alleged in the bill, that it was originally agreed that the Railway Company should give its notes for the deferred payments for the cars; and that by mistake this was not inserted in the written contract. It is insisted that thereby a right to reform the writing inures to appellees. But long before the filing of the bill, the deferred payments would have matured; and if there had been full compliance in the manufacture and delivery of the cars, and a consequent liability to pay, then the Railway Company would have owed the money, and there ceased to be any necessity to reform the contract. This is a mere attempt to force jurisdiction in equity.

The evidence, though conflicting, tends strongly to prove that appellant never knew of any assignment, and, through its agents and officers, refused the recognition of any person, other than Isaac Van Kuran, as a party to the agreement. We are also impressed with the conviction, that the assignment from Isaac to Andrew was not made in good faith, but that the same was a colorable pretense; and whether appellees, in furnishing materials, gave credit to Isaac or Andrew, is involved in too much doubt to justify the decree rendered.

We do not think that such a case is presented by the bill and proofs, as to give appellees a *status* in a court of equity

The liability of appellant, if any exist, is to Isaac Van Kuran. If there are *bona fide* assignees of Isaac, a suit at law can be maintained for their use, and in such suit the character and effect of the garnishee proceedings can be determined.

The original contract was an entirety. Can it be divided, and assignments made of the several parts, and the Railway Company be involved in the costs and trouble of numerous suits? It has been long settled that a cause of action can not be severed, or made the foundation of several suits instead of one. In some cases it has been held, that the partial assignment of a debt can not bind the debtor, either at law or in equity, and will not deprive him of the right to pay the whole to the assignor. The Railway Company has the right to stand upon the original contract, and decline any acknowledgment of partial assignments. *Stone* v. *Pratt*, 25 Ill. 25; *Chapman* v. *Shattuck*, 3 Gilm., 49; *Mandeville* v. *Welsh*, 5 Wheaton, 278.

.As appellees have no right to equitable interposition, the decree rendered herein is reversed and the bill dismissed.*

*Decree reversed.*

---

\* Chicago & N. W. R'y Co. v. Russell & Angell.

Mr. Justice Thornton: This case is identical with the case of the *Chicago and North Western Railway Co.* v. *Nichols, Doolittle and Munn*, and is decided in the same way.

The decree is reversed, and bill dismissed.

*Decree reversed.*