## Benjamin F. Getchell *vs.* Patrick Maney.

### Androscoggin.    Opinion May 6, 1879.

*Assignment. Statute. Wages.*

Stat. 1874, c. 235, does not authorize the assignment of a specific sum per month for a specified number of months, "out of the moneys that may be due to" the assignor "for services as laborer," when such sum is a part only of the money due.

On report.

Assumpsit, brought by the assignee of one Henry Fahey, against Fahey's employer, upon the following assignment, under seal, signed by Fahey :

"Know all men by these presents, that I, Henry Fahey, of Lewiston, in the county of Androscoggin and state of Maine, in consideration of one hundred and eight dollars to me paid by B. F. Getchell, of Lewiston, in the county and state aforesaid, the receipt whereof I hereby acknowledge, do hereby assign and transfer to said B. F. Getchell the sum of fifteen dollars for each month, for the term of six months from the date hereof, out of the moneys or demands that may be due to me from Patrick Maney, of Lewiston aforesaid, for services as laborer, to have and to hold the same to the said B. F. Getchell, his executors, administrators and assigns forever. And I, Henry Fahey, do hereby constitute and appoint the said B. F. Getchell and his assigns my attorney irrevocable in the premises, to do and perform all acts, matters and things touching the premises in like manner, to all intents and purposes, as I could if personally present. In witness whereof I have set my hand and seal, this third day of May, 1877."

If the law court should be of opinion that the action is not maintainable in its present form, the plaintiff to be nonsuited.

*L. H. Hutchinson, A. R. Savage & F. D. Hale,* for the plaintiff, cited *Gerrish* v. *Sweetser,* 4 Pick. 374. *Emery* v. *Lawrence,* 8 Cush. 151. *Lanman* v. *Smith,* 7 Gray, 150.

*W. P. Frye, J. B. Cotton & W. H. White,* for the defendant.

BARROWS, J. "This is an action of assumpsit, brought by the assignee of one Henry Fahey against Fahey's employer, upon the following assignment."

This explicit statement of the ground of the action, in the commencement of the report, we think must be regarded as excluding that portion of the ingenious argument of plaintiff's counsel, by which they seek to maintain the suit upon the ground that there was a promise, express or implied on the part of the defendant, to pay a certain portion of his employee's wages to the plaintiff by reason of his assent to the arrangement made between Fahey and the plaintiff. The action is " upon the assignment," and not upon any alleged promise of the defendant to recognize the assignment and pay according to its terms.

It is true, as contended, that the assignee of a non-negotiable chose in action, without the aid of any statute, can maintain an action on the promise of the debtor to pay the debt to him instead of the party with whom it was originally contracted. *Lang* v. *Fiske,* 11 Maine, 385. *Hatch* v. *Spearin, id.* 354, 356. *Smith* v. *Berry,* 18 Maine, 122. *Farnum* v. *Virgin,* 52 Maine, 577.

But in such cases the rights of the plaintiff as assignee are simply the consideration for the new contract, and the new contract is the ground of action. The suit is upon the defendant's promise to the plaintiff, and not " upon the assignment," or upon any right derived from the assignment *ex vi facti.* The inquiry here, then, is whether the assignment copied into the report is a valid assignment of a chose in action, by virtue of which the assignee can maintain an action under the provisions of c. 235, laws of 1874, in his own name.

The assignment sets out a transfer to the plaintiff by Fahey, in consideration of $108 paid by the plaintiff to him, of "the sum of fifteen dollars for each month for the term of six months from the date hereof, out of the moneys or demands that may be due to me from Patrick Maney (defendant) . . for services as laborer," and contains an appointment of the plaintiff as Fahey's attorney irrevocable touching the premises.

As the law formerly stood, if this assignment was made in good

faith, for value, its effect might be to give the plaintiff, as between Fahey or any of Fahey's other creditors and himself, a right to receive Fahey's pay, which he might earn in the service of the defendant, to the amount specified, provided that the defendant was seasonably notified of the arrangement and expressly assented to it; and the court would in such case protect and enforce the interest of the assignee in suits in which Fahey was a party of record; or, as we have just seen, these transactions might be a good consideration for a promise from the defendant to the plaintiff, which could be enforced in his own name. *Robbins* v. *Bacon*, 3 Maine, 346, 350, and cases above cited. *Crocker* v. *Whitney*, 10 Mass. 319. *Cutts* v. *Perkins*, 12 Mass. 210. *Clarke* v. *Adair*, cited by Buller, J., in *Masters* v. *Miller*, 4 D. & E. 343. But without such assent of the debtor it is clear, both upon principle and authority, that a creditor cannot assign part of a debt or chose in action, so as to give even an equitable interest in said assigned fraction of it or create any lien upon it. *Robbins* v. *Bacon*, *ubi supra*. *Mandeville* v. *Welch*, 5 Wheat. 287. *Gibson* v. *Cooke*, 20 Pick. 15. *Tripp* v. *Brownell*, 12 Cush. 381. *Bullard* v. *Randall*, 1 Gray, 605. Drake Attach. (3 ed.) § 611.

And it is equally clear that even if c. 235, laws of 1874, authorizes the assignment of wages to be earned under a contract indefinite as to time or amount, so as to enable the assignee to maintain an action in his own name against the employer by force of the assignment, (a point which we are not here and now required to determine) it does not authorize, and never was intended to authorize, the division of a chose in action among different assignees, or the assignment of a part and the reservation of a part by the assignor, so as to subject the debtor without his consent to more than one suit.

A reference to the obvious and satisfactory reason given for the establishment of the original rule by Dewey, J., in *Gibson* v. *Cooke*, *ubi supra*, is all that is needed to show that, unless express authority for such a division is given in the statute of 1874, it cannot be allowed.

Now plaintiff's counsel do not claim that any such authority

was given by that statute, but they base their claim, not "upon the assignment," but upon an express or implied promise of the defendant to this plaintiff. This position, as we have seen, is not open to them, upon this report.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.