## RIVERS *v.* WRIGHT & COMPANY.

117    81
Case 2
126   192

117    81
Case 2
128    76

1. A partial assignment of a debt will not vest in the assignee such a title to the portion of the debt assigned as can be enforced in a common-law action, unless the debtor assented to the assignment.

2. Such an assignment is, however, enforceable in equity, though the debtor did not assent thereto, provided all parties at interest are before the court so that the rights of each in the fund in controversy may be determined in one suit and settled by one decree.

3. The principle upon which the foregoing rules are founded is that the debtor can not be subjected to more than one suit for the same cause of action ; and, even if equitable remedies will, under our system, be applied in favor of a

plaintiff in attachment, he can not in such an action recover on a partial assignment when the only parties before the court are the assignee and the debtor. The assignor should have been made a party, as well as any other persons who claimed title to any portion of the debt.

4. The court did not err in sustaining the demurrer and dismissing the petition.

Argued January 22, — Decided February 7, 1903. Rehearing denied February 28, 1903.

Complaint. Before Judge Lumpkin. Fulton superior court. April 7, 1902.

*W. H. Terrell*, for plaintiff.    *T. J. Ripley*, for defendants.

COBB, J. Rivers sued out an attachment against A. & C. Wright & Company, and caused summons of garnishment to be served upon the Atlanta Belt Line Railway Company. He then filed in the superior court a declaration in attachment against the defendants, the material allegations of which were as follows: The defendants are indebted to the plaintiff in the sum of $432.95. J. L. Russell & Company were indebted to plaintiff in the amount just named, and in payment thereof executed and delivered to plaintiff a paper of which the following is a copy: "Atlanta, Ga., May 14th, 1900. Mess. A. & C. Wright & Co. Gentlemen: Please pay to C. H. Rivers the sum of four hundred, thirty-two, and 95/100 ($432.95) dollars out of the first money due on my contract for the Atlanta West Point Belt Line R. R., this being to reimburse him for money paid to my workmen and for which he holds assignments of these claims for wages due me to an amount sufficient to pay this order and assignment. J. L. Russell & Co., per J. L. R." This order was at once exhibited to the defendants by plaintiff, and at the time it was so exhibited defendants were indebted to Russell & Company, and afterwards became indebted to them in an amount sufficient to pay the order. Notwithstanding this, the defendants refused to pay the amount of the order, and still continue to refuse to pay the same. The petition was amended so as to allege that defendants were indebted to Russell & Company on their contract for the building of the Atlanta & West Point Belt Line Railroad, the defendants being contractors for the building of this railroad and Russell & Company being subcontractors under them. The defendants demurred to the petition, upon various grounds, the following being among the number: No cause of action is set forth in the petition; the amount due the defendants by J. L. Russell & Company is not

set forth; the petition shows that the order drawn by Russell & Company on defendants was never accepted by them; and therefore the order, even if valid as an assignment, was not enforceable in a common-law suit, and suit could not be brought thereon in the name of the plaintiff, even in a court of equity. The court sustained the demurrer and dismissed the petition, and to this ruling the plaintiff excepted.

Construing the petition most strongly against the plaintiff, it seems to be clear that the order relied on by him was an attempt to assign only a portion of the fund claimed to be due the assignor by the defendants. But whether this construction be proper or not, the demurrer called upon the plaintiff to specify the amount of the fund claimed to be due by the defendants; and hence, if it was essential to set out this amount, it was incumbent upon the plaintiff to do so in response to the demurrer. That it was essential we shall presently show. Conceding that the paper set out in the petition operated as an assignment pro tanto of the debt to which it related, we are of opinion that the petition was fatally defective in failing to show an acceptance of the order by the defendants. While a chose in action is in this State assignable so as to vest the title in the assignee (Civil Code, § 3077), a partial assignment of a debt due the assignor will not vest in the assignee such a title to the part of the debt assigned as can be enforced in a common-law action, without a previous acceptance by the debtor. According to the authorities, which are founded upon sound and unanswerable reasons, a creditor is not permitted to split up a single cause of action into many actions, without the consent of his debtor, and thus subject him to annoyance and embarrassment not contemplated by his original contract. The debtor has a right to stand upon the contract with his creditor as originally made. The law will not permit a creditor to divide an obligation to pay him a stated sum of money into fragments and assign them to a number of different persons, thereby subjecting his debtor to the annoyance of more than one claim being presented to him growing out of the single contract, or putting him to the necessity of defending more than one suit for the same cause of action in case he has a defense to the contract as originally made. The rule as now understood and enforced by the courts seems to rest mainly upon this ground. It would indeed be a hardship if a debtor, by giving to another an ob-

ligation to pay him a stated sum of money, should render himself liable to an endless number of suits at the instance of parties to whom his creditor had assigned different portions of the debt. Such a hardship as this the law does not impose upon any debtor. It requires him to comply strictly with his contract, but exacts no more of him than this, and such a result as is above referred to is not contemplated when a single contract to pay a specified sum of money is entered into. Hence it is that, in order to enforce such fractional assignments of a single debt, acceptance by the debtor must be shown. 2 Am. & Eng. Enc. Law (2d ed.), 1069 ; 4 Cyc. 27; Mandeville *v.* Welch, 5 Wheat. 288 – 9; Kansas City R. Co. *v.* Robertson, 109 Ala. 296; Gibson *v.* Cooke, 20 Pick. 15, s. c. 32 Am. Dec. 194; Getchel *v.* Maney, 69 Me. 442; Chicago Railway Co. *v.* Nichols, 57 Ill. 464; Burnett *v.* Crandall, 63 Mo. 410.

It has been held that this rule is applicable also to suits in equity. Burnett *v.* Crandall, supra ; Getchel *v.* Maney, supra. See also Chicago Ry. Co. *v.* Nichols, supra. But the great weight of authority is against this view. While equity usually follows the law, it is said that the reason for not enforcing a partial assignment at law does not exist in equity, as all the parties at interest can be brought before the court and their rights under the original contract and the assignments can be settled in one action and by one decree; and that while a debtor would have a right to complain of being subjected to more than one suit, the fact that resort to a different forum is rendered necessary by the assignments does not afford him any just cause of complaint. 2 Am. & Eng. Enc. Law (2d ed.), 1070 ; 4 Cyc. 28 ; 1 Pom. Eq. (2d ed.) § 169; 3 Id. § 1280 and notes on p. 1968; Bisp. Princ. Eq. (6th ed.) 242 ; 2 Story's Eq. Jur. (13th ed.) § 1044, p. 363; Chambers *v.* Lancaster, 160 N. Y. 342; Bradley Co. *v.* Vezzetti, 50 N. J. E. 201 ; Collins *v.* Ins. Co. (Tex.), 27 S. W. 147; City of Seattle *v.* Liberman (Wash.), 37 Pac. 433; Warren *v.* Bank, 149 Ill. 9, 23 ; App. Phila., 86 Pa. St. 179 ; Peugh *v.* Porter, 112 U. S. 737. In *Gilmore* v. *Bangs*, 55 *Ga.* 405, Judge Bleckley, in dealing with a question of assignment, said : " If both the assignor and assignee are before the court as parties, the debtor is secure of all of his rights, and further than they are involved he is not concerned with the question of title." This language, of course, admits of the qualification that if there are other assignees they must also be made parties. The language

thus used states succinctly the reason for the rule that an assignment which has not been accepted by the debtor can be enforced against him in a court of equity, when proper parties are before the court. An examination of the facts of the case of *Daniels* v. *Meinhard*, 53 *Ga.* 359, where a partial assignment was held enforceable, will show that while the suit was not brought in a court having equity jurisdiction, the parties agreed that the questions involved should be determined by the court "in as full a manner as if it were a court of equity sitting for the purpose of distributing" the fund in controversy according to the priorities established by law; and there were apparently sufficient parties before the court for this purpose. In addition to this, it appears that the order was drawn on the creditor's attorneys, in whose hands the claim against the debtor was placed, and that they accepted it. Of course, even a suit brought in a court of equity would be defective unless there were sufficient parties before the court to enable it to settle by one decree the rights of all persons interested in the fund; and a petition which failed to make all of such persons parties would be demurrable for nonjoinder.

While, under the practice prevailing in this State now, a suitor in the superior court will be allowed whatever remedies are necessary to enforce his rights, whether they be legal or equitable, and without regard to whether his cause of action is legal or equitable, still it is manifest that the equitable rule relating to the enforcement of a partial assignment will not be applied in a case like the present. The court might apply the rule far enough to hold that the order set forth in the petition operated as a good assignment in equity and that the plaintiff had a valid title thereto; but it could go no further than this, for want of necessary parties. If a part of an equitable rule be applied, it must all be applied; and this rule in its entirety is wholly inapplicable in a case like the present. To apply it would be to disregard the very reason upon which the whole equitable doctrine is founded. The petition may not have been demurrable for want of a cause of action, for the plaintiff may have an equitable cause of action, but it certainly was objectionable on the ground that this cause of action could not be enforced in this proceeding in the absence of other necessary parties. It is apparent from the petition that the plaintiff was attempting to set forth a legal cause of action, and while under our system this might not

have prevented it from being enforced as an equitable cause of action, or by means of equitable remedies and according to equitable principles, it was incumbent upon him to set forth sufficient facts and bring before the court all the parties necessary to authorize the application of these principles. The grounds of demurrer sufficiently pointed out these defects in the petition, and there was no error in dismissing the same.          *Judgment affirmed.   By five Justices.*