## 72.  CENTRAL OF GEORGIA RAILWAY CO. v. DOVER.

1. Under the act of 1904 (Acts 1904, p. 79, sec. 17), an assignment by an employee of a railway company of his wages, earned and to be earned, up to a specified date, for the purpose of securing a loan of money, is void as to that part of his wages not earned at the date of the assignment.
2. A suit at law by the assignee against the railway company, for that part of the wages earned by the assignor at the date of the assignment, can not be maintained, unless the railway company assented to the assignment. Resort to a court of equity is necessary to enforce a partial assignment of a debt, in the absence of the assent of the debtor to such partial assignment.

Certiorari, from Bibb superior court—Judge Felton. June 12, 1906.

Argued February 6,—Decided February 20, 1907.

*R. Douglas Feagin,* for plaintiff in error.

*Hendley V. Napier Jr., John P. Ross,* contra.

HILL, C. J.  A. B. Dover brought suit against the Central of Georgia Railway Company in the justice's court of the 716th district, G. M., upon the following assignment:

"Macon, Ga., June 8th, 1905. I, Rogers Johnson, being now in the employ of the Central of Georgia Ry. Co. under an existing contract of employment, do hereby transfer and assign, release, set over, and sell to A. B. Dover, the sum of twenty dollars out of whatever money may now be due, or may become due me by

the said Central of Ga. Ry. Co. on or before the 20th day of June, 1905. The foregoing transfer or sale is made for a valuable consideration this day paid me, receipt whereof is hereby acknowledged. In witness of all, I set my hand and affix my seal. [Signed] Rogers Johnson (L. S.). Witness, J. P. Burnett, N. P. and ex-officio J. P. said county, Georgia."

The justice rendered a judgment against the defendant for the sum of $9.04, the amount, as shown by the evidence, which the defendant owed to the assignor, Rogers Johnson, at the date of the filing of the suit. From this judgment the defendant appealed to a jury in the justice's court, which, after hearing the evidence, returned a verdict against the defendant for the sum of $5.44, being the amount of money which had been earned by the assignor, Rogers Johnson, and which the railway company had in its possession at the date of the assignment. To this verdict and the judgment based thereon, the railway company filed its petition for a writ of certiorari in the superior court of Bibb county. On hearing the certiorari, the court overruled and denied the same; and that judgment is assigned as error. To clearly understand the questions of law made in the case, a brief statement of the evidence is necessary. The execution of the assignment was admitted; and it was also admitted that at the date of the assignment the assignee, the railway company, owed the assignor, Rogers Johnson, the sum of $5.44, for money which he had earned up to that date on account of his wages; that at the date of the filing of the suit in the justice's court, the railway company owed the assignor, Johnson, the sum of $9.04, on account of wages earned up to that date. This amount was due and payable to him on the 18th day of July, 1905, and, under the rules and regulations of the railway company, there was no way that he could get his money before July 18th, 1905, except he had been discharged or had left its service, the 18th of each month being, under the rules of the railway company, the pay day of the wages due employees for the preceding month. The assignor, at the time of the assignment, was a fireman of the defendant company, under an existing contract. It may be also stated that the verdict and judgment for $5.44, in the justice's court, was in accordance with the statement made by the plaintiff that this was all that he claimed under the assignment; in other words, that

he claimed under the assignment only the amount of wages which had been actually earned by the assignor at the date of the assignment; and it may be further stated that the assignor, Johnson, before the suit was filed against the railway company, notified it not to pay the assignment or any part thereof.

1. Two controlling questions of law arise for our decision: (1) whether the contract of assignment sued upon was wholly invalid under the act of 1904 (Acts 1904, p. 79) ; and (2) whether the contract of assignment, although partly invalid under said act, was divisible and could be upheld for that portion of the money which had been earned by the assignor at the date of the assignment. Prior to the act of 1904, such a contract of assignment would have been valid for the full amount of the money that was due the assignor at the date of the assignment, or that would have become due him up to the 20th day of June, the limit of said assignment. Civil Code, § 3077; *Walton* v. *Horkan,* 112 *Ga.* 14. By the act of 1904, sec. 17, it is provided that "any contract made after the passage of this act for the assignment or pledge of any unearned wages or salary, for the purpose of securing a loan of money, shall be void." By the express words of this act, this contract was certainly invalid, in so far as it undertook to make an assignment or pledge of that portion of the wages of the assignor which was not earned at the date of the assignment. We think that portion of the wages which had been actually earned up to the date of the assignment was legally assignable; and to that portion the assignee, under the contract, had a good title.

2. Under the act of 1904, supra, there was a valid assignment of only a part of the entire demand and claim which the assignor had against the railroad company up to the 20th of June. It will be seen, from the evidence, that by the rules and regulations of the railway company, no part of this amount was payable to the employee until the 18th day of July. The railway company had the right to stand upon its contract and pay the entire amount when due under its rules. Without the railway company's consent, its debtor, the employee, did not have a right to split this claim into fragments, and subject the company to separate actions for different parts of the amount. The creditor of the company himself could not do this without the consent of the company,

and his assignee would have no greater right than he himself would have in this respect. In the language of Mr. Justice Story, the "reason for this principle is plain. A creditor shall not be permitted to split up a single cause of action into many actions without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract. He has a right to stand upon the singleness of the original contract, and to decline any legal or equitable assignments by which it may be broken into fragments. When he undertakes to pay an integral sum to his creditor, it is no part of his contract that he shall be obliged to pay in fragments to any other person." Mandeville v. Welch, 5 Wheaton, 286. In the case of *Rivers* v. *Wright*, 117 *Ga.* 81, this principle of law is fully approved by the Supreme Court of Georgia. It is held in that case that "a partial assignment of a debt will not vest in the assignee such a title to the portion of the debt assigned as can be enforced in a common-law action, unless the debtor assented to the assignment." See also Kansas City, M. & B. Ry. Co. v. Roberson (Ala.), 19 Sou. 432; 4 Cyc. 28. So even if the plaintiff in this case did have a valid contract as to that portion of the assignor's wages which had been earned at the date of the assignment, it would not avail him in support of the present suit, since the debtor of the assignor, the railway company, did not assent to said partial assignment, and was resisting the demand made on it for payment. And we therefore hold that the assignment of a part of the entire debt in this case (which, under the act of 1904, could be legally assigned), having been done without the consent of the debtor company, and not having been accepted by it, did not authorize suit upon such assigned part by the plaintiff against the debtor company. To enforce his right to this partial assignment of the debt, the plaintiff would be compelled to resort to a court of equity, making all parties at interest parties to such equitable proceedings, so that the rights of each may be determined by one suit and settled by one decree. 117 *Ga.*, supra; *Western Union Tel. Co.* v. *Ryan*, 126 *Ga.* 191; Grain v. Aldrich, 99 Am. Dec. 427.

For the reasons above stated, we think that the court erred in its judgment overruling and denying the certiorari.

*Judgment reversed. Powell, J., disqualified.*