*W. M. Henry* and *F. W. Copeland,* for plaintiff.
*M. B. Eubanks,* for defendant.

---

## SOUTHERN PRINTING COMPANY *v.* POTTER.

The assignee of a bond for title for the conveyance of certain personal property to the obligee when the latter has paid all the notes given for the purchase-money as they might fall due upon the respective dates of their maturity, it being provided in the bond that the vendor should have the right to retake possession of the property upon default in payment of any one of the notes, could not maintain suit against the obligor, who had taken possession of the property upon default in payment of the notes by the obligee according to the terms of the contract

of sale, to recover the amount of a loan to the obligee in the bond, although such assignee had taken the assignment of the bond to secure the payment of the loan, and the loan was made with the knowledge of the obligor for the purpose of enabling the obligee to meet one of the partial payment notes at the time of its maturity.

(a) Conceding that the assignment of the bond for title would operate as a partial assignment of any amount which the vendor, who had retaken possession of the property under circumstances which rendered such retaking a rescission of the contract of sale, would owe to the vendee on account of payments made by the latter under the contract of sale after making proper deductions from the sum paid by the vendee, for rent, etc., a partial assignment is enforceable only in equity in a suit to which the vendor and the assignor and the assignee are all parties.

SEPTEMBER 26, 1911.

Equitable petition. Before Judge Edwards. Haralson superior court. June 27, 1910.

*H. J. McBride,* for plaintiff in error.   *M. J. Head,* contra.

BECK, J.   Mrs. D. L. Potter brought suit against the Southern Printing Company, alleging that the defendant is indebted to her in the sum of $350, by reason of the following facts: The Southern Printing Company sold to one Burd a newspaper plant and printing outfit, taking a cash payment and notes for the balance, and executing to Burd a bond for title to the property sold. In order to pay off one of the notes, Burd, "at the instance of said Printing Company," secured a loan of $350 from petitioner's husband, and paid the same over to the Printing Company; her husband took a transfer of the bond for title conditioned to secure this loan, and the Printing Company "had full knowledge of said loan and transfer of said bond for title." It was stipulated in the bond that Burd should not encumber the property without the consent of the Printing Company. Upon Burd's default in paying one of the notes at maturity, the Printing Company sued out an action of bail-trover against him, and he failing to replevy the property, the Printing Company took charge of and sold the same, "thereby depriving petitioner of her security;" it being alleged that petitioner's husband, to whom the transfer of the bond for title had been made, has since died and petitioner was his sole heir and legatee.

The defendant demurred on various grounds, among them that the petition did not set forth a cause of action. To the overruling of this ground of demurrer the defendant excepted.

We do not perceive upon what ground the plaintiff's cause could find standing in a court of law. The defendant had not been guilty of the commission of any tort against the plaintiff. The mere assignment of the bond for title executed by the vendor of the property in controversy to the vendee could scarcely be held to create a lien in favor of the plaintiff against the maker of the bond. Even if the assignment of such a bond as this could ever have the effect of creating a lien in favor of the assignee of the bond, it could hardly do so in the present case, when the bond itself contained an express stipulation that the obligee therein should not create an encumbrance upon the property. The vendor of the property, in taking possession of the same, acted within its rights as stipulated in the bond. The property was taken by the vendor on May 3, 1909, and there had long been default, as appears from the allegations of the petition, in the payment of a part of the note due March 1, 1908.

Nor could the plaintiff maintain this action upon the ground that there was any implied contract on the part of the vendor to pay to her the indebtedness of the purchaser of the property involved in this controversy. It may be that the seizure of the property by the vendor amounted to a rescission by it of the contract of sale to Burd. And conceding that that is true, then the Printing Company, the vendor, would be under obligation to repay to the vendee the money which the latter had paid to the Printing Company, or such portion thereof, if any, as might be due the vendee on a fair settlement between the vendor and the vendee; in which settlement account could be taken of the value of the hire or rent of the property, and any other matter proper in such an accounting. *Wilson v. Burks,* 71 *Ga.* 862; *Dukes v. Baugh,* 91 *Ga.* 33 (16 S. E. 219). But the implied contract to restore the status upon a rescission of a contract of sale was a contract affecting the rights of the vendor and the vendee, and not the assignee of the bond. Certainly the assignment of the bond to the plaintiff in the court below could not be treated as an assignment of the entire amount which would be due from the vendor to the vendee after the rescission of the contract of sale, if it should appear that the vendor, upon a settlement between him and his vendee, would be indebted to the latter in a larger sum than the amount of the loan from Potter, to secure which it is alleged the bond was assigned. If the transfer

or assignment of the bond for title can be treated as having the effect of assigning only so much of the claim arising in favor of Burd, upon rescission of the contract of sale by the vendor, as would satisfy the obligation of Burd which is evidenced by the note executed to Potter, then Potter—or Mrs. Potter, who is the plaintiff and who claims to stand in the place of her husband relatively to the note,—would have the right only of an assignee of a portion of a debt and be entitled to the remedies, only, which could be enforced by the holder of a partial assignment. And while such an assignment is enforceable in equity, it must be enforced in an action to which the assignor is before the court, as well as the assignee and the debtor to the assignor. If the Printing Company could be proceeded against in a suit like that which is now before the court, and a recovery could be had against it of a part of the amount which it might be shown it owes to Burd, subsequently Burd, or some other assignee of Burd of another part of the indebtedness, might institute other proceedings. Under the law a debtor can not be subjected to the annoyance of several suits growing out of a single obligation to pay. Conceding that the assignment of the bond for title referred to above operated as an assignment pro tanto of the amount which the Printing Company should be bound to pay Burd after having rescinded the contract of sale, the only remedy which the plaintiff in the court below had was by a suit in equity, to which Burd as well as the Printing Company should be made parties, so that the rights and conflicting claims of all could be settled in one suit. See *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499).

It follows from what we have said above, that the general demurrer to the petition in this case should have been sustained, and the court erred in refusing to sustain it.

*Judgment reversed. All the Justices concur.*