## SHEARER v. SHEARER.

HOLDEN, J. 1. The petition, among others, made substantially the following allegations: Prior to August, 1910, the plaintiff had in hand for collection notes in which A. had an interest amounting to more than $90. On August 12, 1910, A. gave an order on the plaintiff to B., who brought suit at law against the plaintiff on the order, wherein the plaintiff was directed to pay to B. $90 of the amount collected, and wherein there was made to B. an assignment of the interest of A. in the notes to the extent of $90. After the order was given, and while plaintiff had in hand money collected on the notes, A. directed the plaintiff not to pay the order, for reasons specified. Plaintiff prayed that A. and B. be required to interplead, and for injunction. *Held,* that a partial assignment of one's interest in a promissory note is not binding on the maker of the note, unless accepted by the latter, who may ignore such assignment and pay the assignor, where there is no suit in equity to which all persons interested are parties. 7 Cyc. 812; 4 Am. & Eng. Enc. Law, 278 (a). Nor is a partial assignment of one's interest in a fund in the hands of another binding on the latter, unless accepted by him, who may deal with the assignor as if no such assignment had been made, in the absence of the institution of a suit of the character above

indicated. 2 Am. & Eng. Enc. Law, 1069; 3 Page on Contracts, § 1265; *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499); *Southern Printing Co.* v. *Potter*, 136 *Ga.* 869 (72 S. E. 427).

2. The plaintiff had a complete defense to the suit pending against him, brought by the payee of the order on the plaintiff.

3. The above principles of law are well settled, and the allegations of the petition to require A. and B. to interplead did not entitle plaintiff in such petition to an injunction or an order for interpleader.

*Judgment reversed. Beck, J., absent. The other Justices concur.*

OCTOBER 12, 1911.

Injunction and interpleader. Before Judge Ellis. Fulton superior court. December 27, 1910.

*Thomas & King,* for plaintiff in error.

*A. L. Richards* and *Etheridge & Etheridge,* contra.