## BROWN *et al. v.* SOUTHERN RAILWAY COMPANY *et al.*

ATKINSON, J. The following order was issued to cover the price of certain cross-ties furnished to the Wooley Tie Company, and by that company sold to the Southern Railway Company: "Atlanta, Ga., August 25th, 1910. Southern Railway Company, Mr. W. F. H. Finke, Tie and Timber Agt. Southern Rwy. Co., Washington, D. C. Dear Sir: Please prepare voucher favor Mr. M. J. Head, of Tallapoosa, Ga., for nine hundred thirty-six & 24/100 dollars, in payment following tie accounts, deducting the amount from amount you owe us for cross-ties. O. H. Brown $395.23, G. W. & J. C. Tumlin $419.61, Mandeville Mills $54.20, Kilgore, Sewell & Co. $31.80, Sewell Bros. $20.00, I. N. Mitnick $15.40.—$936.24. And oblige. Yours very truly, Wooley Tie Company. P. L. Wooley." At the time the order was delivered the Southern Railway Company owed the Wooley Tie Company for cross-ties an amount exceeding that specified in the order. M. J. Head was attorney at law for the persons named in the order as owners of the tie accounts. *Held:*

1. While the written order in question was not an assignment of the legal title to that portion of the fund therein specified, it was an equitable assignment. *Fidelity Company* v. *Exchange Bank,* 100 *Ga.* 619 (28 S. E. 393); *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499); *King* v. *Central Ry. Co.,* 135 *Ga.* 225 (69 S. E. 113, 22 Ann. Cas. 672); 2 Am. & Eng. Enc. Law, 1069-1070, and cases cited.

2. In an equitable proceeding instituted by the Southern Railway Company against the persons in whose favor the order was issued, and numerous other persons, in which they were required to interplead for the purpose of determining their rights in the fund held by the Southern Railway Company as due to the Wooley Tie Company, the order was enforceable as an equitable assignment. *Rivers* v. *Wright,* supra.

3. On exception to the auditor's report, the judge erred in holding that the order was not an equitable assignment, and in directing a verdict against the auditor's report relatively to this matter.

　　　　　　*Judgment reversed. All the Justices concur.*
　　　　　　AUGUST 14, 1913.

Exceptions to auditor's report. Before Judge Walker. Gwinnett superior court. March 14, 1912.

*M. J. Head,* for plaintiffs in error.

*John J. & Roy M. Strickland, E. O. Dobbs, D. M. Byrd, J. A. Perry, Ed Quillian, I. L. Oakes, O. A. Nix, Howard Thompson, Oscar Brown,* and *W. W. Stark,* contra.

FISH, C. J., and LUMPKIN, J., concurring specially. The Southern Railway Company filed an equitable petition which was substantially a bill of interpleader, except that it prayed a decree that it only owed its original creditor, and also prayed for general relief. The auditor found in favor of the plaintiffs in error. So far as the present record shows, no party filed exceptions to such

report, except the Southern Railway Company, which admitted owing the indebtedness, and which had filed an equitable petition calling the various claimants in to contest over it. There is no brief of evidence in the record, and the exceptions of fact can not be noticed. The exceptions of law merely state in general terms that the auditor erred in finding that there was an equitable assignment, and also in finding that the railway company owed nobody but the original debtor. No specific reason is stated why the instrument set out in the headnotes by the majority of the court did not constitute an equitable assignment. The only reason urged before this court was that it did not sufficiently identify the fund out of which payment was to be made, to operate as such. We concur in holding that it did sufficiently describe or specify the fund, and that it was not amenable to that objection. Whether or not other contestants for this fund might have had any valid ground for exception to the auditor's report is immaterial. As against the Southern Railway Company, which owes the money, and, after having called the various parties into equity to contest over the ownership of the fund, now attacks the instrument under which the plaintiffs in error claim as an equitable assignment, it is good. We concur in the judgment of reversal for these reasons.