GRAHAM *v.* SOUTHERN RAILWAY COMPANY *et al.*

574

*Hendrix & Buchanan,* for plantiff.

*McDaniel, Neely & Marshall* and *W. O. Wilson,* for defendants.

Hines, J.   On November 1, 1930, White, by an instrument in writing, sold and assigned to Graham $25 of the amount of his salary which he had earned as an employee of the Southern Railway Company during the period beginning October 15, 1930, and ending October 31, 1930.   The amount of salary due White by the railway company was larger than the amount assigned, and was due at the time of the assignment.   On November 1, 1930, Graham gave notices of this assignment, in writing, to the paymaster of the railway company at Washington, D. C., and to the agent of the company in Atlanta, Georgia.   These notices were received by the paymaster and the agent on November 3, 1930.   On that day the railway company and its Atlanta agent acknowledged receipt of these notices, and in their acknowledgments notified Graham that his assignment was a partial assignment which did not vest legal title in him to any part of the salary earned by White during the above period, and that for this reason the company would disregard the assignment, and would pay to White his earnings for the period mentioned on his regular pay-day on November 15, 1930.   These notices of the refusal of the company to recognize this assignment were received by Graham on November 5, 1930.   On November 15, 1930, the company paid to White the salary earned by him during the above period, amounting to $62.81.   On December 12, 1930, Graham filed his petition against White and the Southern Railway Company, in which he set up the foregoing facts, and prayed for judgment against the

company for the amount of said assignment and interest thereon from November 15, 1930. The Southern Railway Company demurred to the petition, upon the grounds that (a) it set forth no cause of action either legal or equitable; (b) the assignment on which petitioner is proceeding is a partial assignment of the wages earned by White during the period covered by the instrument, and said assignment, not having been accepted by this defendant, furnishes no basis, equitable or otherwise, for the relief sought; and (c) due and ample notice was given to the plaintiff of the fact that this defendant would not honor, accept, or recognize said assignment, and would pay the money covered thereby to White when the same became payable; and this case not having been brought until this defendant had paid White his wages due him for the period covered by the assignment, the plaintiff can not now maintain this equitable action against this defendant on account of said assignment. The judge sustained the demurrer, and the plaintiff excepted.

■ It is well settled in this State that a partial assignment of a debt due to the assignor will not vest in the assignee such a title to the part of the debt assigned as can be enforced by the assignee in a common-law action, without the assent of the debtor. The reason upon which this principle has been stated to rest is that a debtor has a right to stand upon the contract with his creditor as originally made, and to pay the debt as a whole. So at law the creditor can not divide an obligation to pay him a stated sum of money into fragments, and assign them to a number of different persons, thereby subjecting the debtor to the annoyance of more than one claim being presented to him, growing out of the single contract, or putting him to the necessity of defending more than one suit for the same cause of action in case he has a defense to the contract as originally made. This principle, as now understood and enforced by the courts, seems to rest mainly upon this ground. Hence it is, that, in order to enforce such partial assignment of a single debt, acceptance by the debtor must be shown. *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499); *W. & A. R. Co.* v. *Union Inv. Co.,* 128 *Ga.* 74 (57 S. E. 100); *Brown* v. *Southern Ry. Co.,* 140 *Ga.* 539 (79 S. E. 152); *West* v. *Brown,* 165 *Ga.* 187 (140 S. E. 500); *Central Ry. Co.* v. *Dover,* 1 *Ga. App.* 240 (57 S. E. 1002); Mandeville *v.* Welch, 5 Wheat. 277 (5 L.

ed. 87); Tiernan v. Jackson, 5 Peters, 580 (8 L. ed. 234); Gibson v. Cooke, 20 Pick. 15 (32 Am. D. 94); Robins v. Bacon, 3 Me. 346. In the present case the assignment is of a portion of wages earned by the employee during a specified period, to which the debtor expressly refused to assent; and the assignment comes within the rule just stated.

It is equally as well settled in this State that such an assignment is enforceable in equity, although the debtor may not assent, if all the parties at interest are before the court, so that the right of each in the fund may be determined in one suit and settled by one decree. While equity follows the law, it is said that the reason for not enforcing a partial assignment at law does not exist in equity, as all the parties at interest can be brought before the court, and their rights under the original contract and the assignments can be settled in one action and by one decree; and that while a debtor would have a right to complain of being subjected to more than one suit, the fact that a resort to a different forum is rendered necessary by the assignments does not afford him any just cause of complaint. *Rivers* v. *Wright,* supra; *King* v. *Central of Ga. Ry. Co.,* 135 *Ga.* 225 (69 S. E. 113, 22 Ann. Cas. 672); 2 R. C. L. 619, § 27. In *Rivers* v. *Wright,* supra, it was stated that there were cases in which the common-law rule as to partial assignments of a debt was of force in suits in equity; but that the great weight of authority is against this view. This principle was recognized at an early date in the English chancery cases. Row v. Dawson, 1 Ves. Sr. 331; Yeates v. Groves, 1 Ves. Jr. 280; Ex Parte South, 2 Swanst. 392; Fitzgerald v. Stewart, 2 Sim. 333; Lett v. Morris, 4 Sim. 607; Watson v. Duke of Wellington, 1 Russ & Myl. 602. In Burn v. Carvalho, 4 Myl. & C. 690, Lord Cottenham made this statement of the principle: "In equity an order given by a debtor to his creditor, upon a third person having the funds of the debtor, to pay the creditor out of such funds, is a binding equitable assignment of so much of the fund." In Row v. Dawson, supra, Lord Hardwicke said: "It is a credit on the fund, and must amount to an assignment of so much of the debt; and though the law does not admit an assignment of a chose in action, this court does, and any words will do, no particular words being necessary thereto.". In Yeates v. Groves, supra, Lord Thurlow said: "This is nothing but a direction by a man to pay a

part of his money to another for a valuable consideration. If he could transfer, he has done it; and it being his own money, he could transfer." In Ex Parte South, supra, Lord Eldon, said: "It has been decided in bankruptcy that if a creditor gives an order on his debtor to pay a sum in discharge of his debt, and that order is shown to the debtor, it binds him. On the other hand, this doctrine has been brought in doubt by some decisions in the courts of law, which require that the party receiving the order should in some way enter into a contract. That has been the course of their decisions, but is certainly not the doctrine of this court." In Watson v. Duke of Wellington, supra, Sir J. Leach said: "In order to constitute an equitable assignment there must be an assignment to pay out of a particular fund." In Rodick v. Gandel, 12 Beav. 325, Lord Truro reviewed the cases extensively, and expressed a similar view as to the principle to be deduced therefrom. The same rule has been repeatedly followed in the later English chancery decisions. In Addison v. Cox, L. R. 8 Ch. 76, an officer assigned a part of a sum due to him from the sale of his commission, and the sale was held to be valid.

The principle announced in *Rivers* v. *Wright,* supra, that the great weight of authority is against the view that a partial assignment of a fund can not be enforced against the debtor in equity, and that the reason for not enforcing a partial assignment at law does not exist in equity, as all the parties at interest can be brought before the court and their rights under the original contract and the assignment can be settled in one case and by one decree, is abundantly verified by an examination of the outside authorities. An assignment of a part of a chose in action is valid in equity. Exchange Bank v. McLoon, 73 Me. 498, 40 Am. R. 388. In equity there may be, without the consent of the debtor, an effectual assignment of a part of an entire debt. James v. Newton, 142 Mass. 366, 368 (8 N. E. 122, 56 Am. R. 692). In Risley v. Phœnix Bank, 83 N. Y. 318 (38 Am. R. 421), it was held that "The claim that there can be no valid assignment of a part of the entire debt or obligation is opposed to the well-settled rule in this State." In that case it was further said: "The tendency of modern decisions is in the direction of more fully protecting the equitable rights of assignees of choses in action; and the objection that to allow an assignment of a part of the entire demand

might subject the debtor to several actions to enforce a single obligation has less force under a system which requires all parties at interest to be joined as parties to the action." There are many other cases sustaining the same principle. Appeals of City of Philadelphia, 86 Pa. 179; Stanbury v. Smythe, 13 Ohio St. 496; Lapping v. Duffy, 47 Ind. 51; Whitney v. Cowan, 55 Miss. 625; Public School v. Heath, 15 N. J. Eq. 22; Harris Co. v. Campbell; 68 Tex. 27 (2 Am. St. R. 470); National Bank v. Kimberlands, 16 W. Va. 589; Kentucky L. & N. Co. v. Montz, 158 Ky. 327 (164 S. W. 935); Lanigan v. Bradley &c. Co., 50 N. J. Eq. 201 (24 Atl. 505); Chambers v. Lancaster, 160 N. Y. 342 (54 N. E. 707). That equity will do this is quite as well settled as it is that the law will not. Green v. Aldrich, 38 Cal. 514 (99 Am. D. 423). The owner of a chose in action may assign a part of such rights, and such assignment will be enforced in equity. Trist v. Child, 21 Wall. 441 (22 L. ed. 623); Peugh v. Porter, 112 U. S. 737 (5 Sup. Ct. 361, 28 L. ed. 859); Fourth Street Bank v. Yardley, 165 U. S. 634 (17 Sup. Ct. 439, 41 L. ed. 855); Dullas v. Crippen Mfg. Co., 156 Fed. 706. It seems clear that the assignment by White to Graham of the sum of $25 of the wages earned by him during the period from October 15 to November 1, 1930, is a valid and binding equitable assignment thereof. While not good to vest the legal title in Graham to this amount of White's wages, without the assent of the railway company, the assignment did vest in Graham an equitable and enforceable interest in the wages earned by White during this period. Being a good and valid equitable assignment, it follows that it is enforceable in equity.

■ It is urged that a partial assignment of a fund is not binding upon the debtor unless accepted by him, and that the debtor may ignore such assignment and pay the assignor the full amount of the debt where no suit in equity, to which all persons interested are parties, is brought before the debtor pays the debt to his creditor. To support this proposition counsel for the debtor rely upon the decision in *Shearer* v. *Shearer,* 137 *Ga.* 51 (72 S. E. 428). That decision does not sustain this proposition. In that case the assignee sued the debtor at law, on a partial assignment of the fund. Thereupon the debtor filed his suit in equity, to which he made the assignor and assignee parties, in which he prayed to enjoin the assignee from proceeding with his suit at law, and he

sought to have the assignor and assignee interplead and have their rights to the fund determined by decree. This court, in effect, held that the assignee could not proceed with his suit at law against the debtor, because it was based on a partial assignment, and was not a suit in equity to which all persons interested were made parties, and that in consequence the debtor could defend the suit at law against him without resorting to an equitable interpleader, upon the ground that the assignee could not sue the debtor upon a partial assignment at law, where the debtor had not accepted the assignment or consented thereto in any way. It is true that this court in that case ruled that a debtor, under a partial assignment to which he did not assent, could ignore such assignment and pay the assignor, where there was no suit in equity to which all the persons interested were parties; but this ruling was not necessary under the facts of the case, and should not be extended beyond the facts involved therein. The ruling in that case does not support the proposition that an assignee under a partial assignment of a debt, after notice to the debtor of the assignment, can not proceed against the debtor on such assignment in a suit in equity to which the debtor, the assignor and assignee are parties. Furthermore, the decision in *Shearer* v. *Shearer* was based upon *Rivers* v. *Wright,* supra; and *Southern Printing Co.* v. *Potter,* 136 *Ga.* 869 (72 S. E. 427). As we have seen, it was expressly held, in *Rivers* v. *Wright,* that the reason for not enforcing a partial assignment at law does not exist in equity, as all the parties at interest can be brought before the court and their rights under the original contract and the assignment can be settled in one action and one decree. "If both the assignor and assignee are before the court as parties, the debtor is secure of all his rights, and further than they are involved he is not concerned with the question of title." *Gilmore* v. *Bangs,* 55 *Ga.* 403. A casual inspection of the decision in *Southern Printing Co.* v. *Potter,* supra, does not sustain this contention of counsel for the debtor. Besides, the decision in *Shearer* v. *Shearer* was not by a full bench. Counsel likewise rely upon the decision in *Etheridge* v. *Wilson,* 41 *Ga. App.* 432 (153 S. E. 230). In that case the proceeding was one at law against an assignor for a wrongful conversion of funds under a partial assignment thereof to his creditor, and was not a proceeding in equity.

An equitable assignment of a part of a debt vests an equitable interest in the assignee, so that, after notice to the debtor, he is bound to apply the fund according to the terms of the assignment, regardless of the assent or the wishes of the debtor. The interest of the assignee is sometimes designated as that of a cestui que trust, or that of one holding an equitable lien on the funds in question, but it is more accurate to say that the assignee of a part of a debt acquires not only a lien on the fund but an equitable interest in the fund itself. 2 R. C. L. 619, § 27. Under the assignment in this case, the assignee acquired an interest in the money due by the railway company to the assignor as wages. The title of the assignee to the fund was not legal. The assignee acquired an equitable interest in this fund and an equitable title to the portion assigned to him. He immediately gave notice of the assignment and of his interest in this fund to the railway company. In these circumstances could the railway company utterly disregard his equitable interest in this fund, and defeat the assignee of his equitable interest therein by paying the same over to the assignor? We do not think that the debtor could do this. The assignee of a particular fund has the same rights in equity that the assignee of an entire demand has in law. The remedy of the assignee in equity arises when notice of the assignment is given to the debtor, and does not depend upon acceptance by the debtor. Palmer v. Palmer, 112 Me. 149 (91 Atl. 281). Where an order is drawn on a particular fund and presented to the debtor, there is an equitable assignment, though the debtor refuses to recognize the assignment. Cope v. Walton Co., 77 N. J. Eq. 512 (76 Atl. 1044); Structural Gypsum Cor. v. Nat. Com. Title &c. Co., 107 N. J. 32 (151 Atl. 839). A contrary doctrine is inconsistent with the recognition of the equitable title in the partial assignee. If the assignee has such title and the debtor has notice of it, the debtor should be held liable if he knowingly destroys the right by paying the assignor, just as one who owes money to a trust estate continues to be liable if he pays the trustee, his legal creditor, when he knows that the trustee is about to defraud the cestui que trust. If the debtor is unwilling to pay the debt in separate sums corresponding to the respective interests of the assignor and assignee, he should pay the whole fund into court and ask the court to distribute it among the parties equitably entitled.

A settlement with the assignor will not discharge the debtor from such liability. The weight of authority supports the conclusion that payment to the assignor will not discharge the debtor. 1 Williston on Contracts, 848, § 444. Besides, this ruling is supported by sound reasoning. We have seen that this court has held that a partial assignment of a debt or fund vests in the assignee an equitable interest in such fund; and that the assignee can enforce his claim by a proceeding in equity to which all persons at interest are parties. So when such an assignment is made and the assignee gives notice to the debtor thereof, to permit the debtor to disregard the assignment and pay over to the assignor the entire fund would permit the debtor to destroy the equitable interest and title of the assignee under the partial assignment. This would be inequitable and unjust.

It follows from the principles above announced that the judge erred in sustaining the demurrer.

*Judgment reversed. All the Justices concur.*