HAVERTY LOAN & SAVINGS CO. *v.* McAFEE *et al.*

No. 10172. November 14, 1934.

*D. K. Johnston,* for plaintiff.

*Robert T. Efurd, Mose S. Hayes, J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendants.

HUTCHESON, J. Haverty Loan and Savings Company filed its suit against C. A. McAfee, the City of Atlanta, and W. A. Florence, assistant paymaster of the City of Atlanta, alleging that McAfee asked the petitioner to pay off his indebtedness; that McAfee was an employee of the City of Atlanta, and in order to secure petitioner for such advance of money he executed and delivered to petitioner fifty-two promissory notes dated June 2, 1933, each for $25 and $3.50, being payable on the 5th and 20th of each month up to and including July 20, 1935; that he also executed an agreement authorizing and empowering petitioner to collect his pay check on the dates specified, pay his obligation to it, and pay the balance of such check to him; that as a part of such agreement McAfee constituted the president of the plaintiff company his attorney in fact to make such collections and carry out the terms of the agreement; that petitioner paid out in cash all the indebtedness owing by McAfee, and McAfee paid said notes as they matured up to and including the note maturing November 5, 1933, when, in an effort to cheat and defraud the petitioner, he repudiated his agreement and instructed the City of Atlanta and its assistant paymaster not to deliver his checks to petitioner, but to deliver them direct to him; that he is insolvent and has no income other than his salary as an employee of the city. By amendment the petitioner set out the power of attorney executed by McAfee, the notes which he signed for the advance of money, a list of the indebtedness paid by petitioner for McAfee, and alleged that default had been made in the payment of said notes. The petitioner prayed, that McAfee be enjoined from collecting his money and pay checks; that the city and its assistant paymaster be enjoined from paying said money to said McAfee, and be required to retain out of such funds the amount due petitioner on the 5th and 20th of each month, according to the tenor of said notes; that said sums be paid into court

and applied to the payment of obligations due petitioner; that petitioner have judgment against McAfee for the amount of his indebtedness, and that he be restrained from perpetrating a fraud upon petitioner by attempting to revoke and set aside the power of attorney.

McAfee filed a demurrer on the grounds that no cause of action is set out, that the petition contains no grounds for equitable relief, that the relief sought is contrary to public policy, that the salary sought to be impounded is not subject to the remedy sought, that the City of Atlanta is not subject to the process of garnishment; that the petition seeks to make this particular salary a preference over other salaries paid by said city; that the assignment is void as being an assignment of future earnings, and is void because not joined in by defendant's wife; and that petitioner had no judgment upon which to base garnishment proceedings. The City of Atlanta and Florence demurred on the grounds that the allegations do not entitle petitioner to the relief sought, and that the city is not subject to garnishment. The court sustained the general demurrers and dismissed the petition. The plaintiff excepted.

■ Our courts have always jealously guarded the rights of the wage-earner, so as to afford to him all possible protection; and in furtherance of this general purpose the law-making body of the State, in the year 1904, passed the act declaring that "any contract made after August 15th, 1904, for the assignment or pledge of any unearned wages or salary, for the purpose of securing a loan of money, shall be void." Code (1910), § 3465. The words "loan of money," as used in this section, can not be avoided by ingenious phrases or disguise of language. An "assignment of wages" or a "sale of salary" by an employee of a municipality, for the purpose of securing a loan or advance of money, is void as to any part of such wages or salary which is unearned at the date of the execution of the agreement. *Central of Georgia Railway Co.* v. *Dover,* 1 *Ga. App.* 240 (57 S. E. 1002) ; *Jackson* v. *Bloodworth,* 41 *Ga. App.* 216 (152 S. E. 289). The instant case is to be distinguished from *Graham* v. *Southern Railway Co.,* 173 *Ga.* 573 (161 S. E. 125, 80 A. L. R. 407), where the assignment covered salary already earned, and not salary to be earned in the future.

■ ■ To allow state, county, or municipal governments to be subject to the process of garnishment would disrupt the affairs of

such agencies to such an extent as to jeopardize the interests of the public at large. If such proceeding were allowed, especially in large cities, the result, as stated by Chief Justice Bleckley in *Born* v. *Williams,* 81 *Ga.* 796-798 (7 S. E. 868), "may be a serious interference with the transaction of current municipal business, since the garnishments to be attended to from time to time may not only be numerous but scattered through various courts." See also *Connolly* v. *Thurber Whyland Co.,* 92 *Ga.* 651 (18 S. E. 1004) ; *Leake* v. *Lacey,* 95 *Ga.* 747 (22 S. E. 655, 51 Am. St. R. 112). An equitable petition which seeks to enjoin a municipality and its officers from issuing its check or warrant to an employee for wages or salary due such employee is in effect an equitable garnishment, and, under the above-stated rulings, is contrary to public policy and sets out no cause of action. *McConnell* v. *Floyd County,* 164 *Ga.* 177 (9) (137 S. E. 919) ; *Glenn* v. *Vaughan,* 178 *Ga.* 30 (172 S. E. 28).

▪ The petition seeks injunctive relief, and prays for judgment on certain notes as against McAfee. We are of the opinion that no cause of action is set out for equitable intervention, and that the demurrer was properly sustained as to that part of the petition. However, as the petition does contain sufficient allegations upon which to base a judgment on the notes, the demurrer as to that part of the petition should have been overruled.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

BECK and BELL, JJ., concur in the result, but express no opinion as to what is ruled in the first division of the decision.