## BELL FINANCE COMPANY v. JOHNSON.
## HALL v. BELL FINANCE COMPANY.

568

*C. W. Killebrew* and *Isaac S. Peebles Jr.,* for plaintiff.

*Paul T. Chance, Nathan Jolles,* and *Thomas L. Hill,* for defendants.

ATKINSON, Justice.  ■  A partial assignment of an amount owed to the assignor, as distinguished from an assignment of the

entire debt, vests in the assignee an equitable interest in the entire fund. *Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619 (28 S. E. 393) ; *Western & Atlantic Railroad Co.* v. *Union Investment Co.,* 128 *Ga.* 74 (57 S. E. 100) ; *King* v. *Central of Georgia Railway Co.,* 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672).

■ If after an employee executes a partial assignment of wages owed to him by his employer, to which the employer has not assented, such assignor without consent of the assignee collects the amount so assigned and converts the same to his own use, he commits a wrongful conversion (*Covington* v. *Rosenbusch,* 148 *Ga.* 459, 97 S. E. 78), for which he may be sued at law by the assignee. Code of 1910, § 5406; Code of 1933, § 37-901. See *Fidelity & Deposit Co.* v. *Exchange Bank,* supra, holding that such partial assignment will support a statutory claim interposed to a garnishment proceeding in a court of law instituted after the assignment, seeking to subject the fund to a prior judgment obtained by a general creditor.

■ "Private duties may arise from statute or flow from relations created by contract, express or implied. The violation of any such specific duty, accompanied with damage, shall give a right of action." Code of 1910, § 4406, Code of 1933, § 105-104. "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other." § 4407 (1933, § 105-105). The assignee under such circumstances has an option to sue the assignor for money had and received (*Bates-Farley Savings Bank* v. *Dismukes,* 107 *Ga.* 212, 33 S. E. 175), or to sue him in tort for the conversion of the money assigned.

■ Where the assignor collects the money from his employer after his equitable assignment as indicated above, such collection will ipso facto make him a trustee of the entire interest in the amount assigned, for the benefit of the assignee.

■ In the event of bankruptcy of the assignor before he has accounted to the assignee for the money so collected, the claim of the assignee is such a fiduciary claim as will not be affected by the discharge in bankruptcy of the assignor. See *Covington* v. *Rosenbusch,* supra.

■ In *Wilson* v. *Etheredge,* 174 *Ga.* 386 (162 S. E. 707), two of the Justices dissenting, the majority failed to give effect to the

distinction between a case instituted by the assignee directly against his assignor, involving only rights between those parties, and other cases where the rights of the creditor of the assignor and other assignees were involved, and erroneously held that the assignee could not sue the assignor at law for the conversion. The ruling there made was application of principles generally applied in the class of cases last mentioned. *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499) ; *Western & Atlantic Railroad Co.* v. *Union Investment Co.*, supra; *King* v. *Central of Georgia Railway Co.*, supra; *Lawson* v. *Lyon*, 136 *Ga.* 214 (71 S. E. 149) ; *Southern Printing Co.* v. *Potter*, 136 *Ga.* 869 (72 S. E. 427) ; *Shearer* v. *Shearer*, 137 *Ga.* 51 (72 S. E. 428) ; *Brown* v. *Southern Ry. Co.*, 140 *Ga.* 539 (79 S. E. 152) ; *West* v. *Brown*, 165 *Ga.* 187 (140 S. E. 500) ; *Graham* v. *Southern Ry. Co.*, 173 *Ga.* 573 (161 S. E. 125, 80 A. L. R. 407, 414). The ruling will not be followed as a precedent to be applied to the facts of the instant case.

The foregoing answers the questions propounded.

*All the Justices concur, except Russell, C. J., who dissents.*