WEST, trustee, *v.* FLOYD *et al.*

No. 12223. MAY 13, 1938.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for plaintiff in error.

*Howard & Brackett,* contra.

ATKINSON, Presiding Justice. Mrs. Floyd filed suit against Carroll, her former husband, West, the secretary of Board of Trustees of the Police Pension Fund of the City of Atlanta, and a bank on which a monthly check of the secretary, payable to Carroll, is drawn, the same being a pension check. It was alleged that plaintiff had an alimony judgment against Carroll, who had absconded; that his pension checks were regularly turned over to some one to be sent him to his hideout; that the City of Atlanta is not subject to the process of garnishment; that petitioner is entitled to payment out of the said police pension fund in order to support herself and child, who is also the child of Carroll, in order to prevent the child from becoming a public charge; that the court should enjoin West, the disbursing officer of the City of Atlanta, from delivering the checks of Carroll to any other person for him; that a receiver be appointed to receive and hold the same, and that the bank be enjoined from paying the checks to any other person than the receiver. To this petition West, in his official capacity as aforesaid, filed a demurrer on the following grounds: that no cause of action is alleged; that by law the pension funds are specifically exempted from the process of garnishment or other legal process, the law requiring that such funds be paid only to the pensioner entitled thereto; that the remedy sought is contrary to the declared public policy of this State; and that the City of Atlanta and its officers and agents are by law exempt from the process of garnishment or equivalent equity proceedings.

1. Under section 7 of the act approved February 15, 1933 (Ga. Laws 1933, p. 213 et seq.), the board of trustees are required to see to it that the payment of the pension funds under the act are made

to those entitled to receive the same, to wit, the pensioners. Section 17 of the same act contains a further requirement that none of the pension funds "shall be subject to the process of garnishment, attachment, judgment, or other legal process."

2. Equity follows the law, where a rule of law is applicable, and the analogy of the law, where no rule is directly applicable. Code, § 37-103. The same policy which prohibits garnishment in the excepted cases will prevent a creditor from reaching the salary by enjoining its collection by the employee and payment to a creditor through a receiver. *Herrington* v. *Wimberly*, 177 *Ga.* 536 (170 S. E. 670). On the general subject of the exemption of police officers in this State from the process of garnishment, or being subject to other proceedings for the collection of debts owed by others, see *McConnell* v. *Floyd County*, 164 *Ga.* 177 (9) (137 S. E. 919); *Glenn* v. *Vaughan*, 178 *Ga.* 30 (172 S. E. 28); *Haverty Loan & Savings Co.* v. *McAfee*, 179 *Ga.* 673 (177 S. E. 241). The court erred in not sustaining the demurrer.

*Judgment reversed. All the Justices concur.*