## GEORGIA POWER COMPANY v. YORKSHIRE INSURANCE COMPANY LIMITED et al.

No. 11347.   June 25, 1936.

Judges Rourke, Graham, and Knox were designated for this case, instead of disqualified Justices of the Supreme Court.

*Wallace Miller,* for plaintiff in error.

*Grice & Grice,* contra.

Rourke, Judge.   The Yorkshire Insurance Company Limited, of York, England, hereafter called the York Company, filed a suit in the superior court of Bibb County against the Georgia Power Company and Mrs. Maud D. Parker, alleging in substance as follows: The York Company insured the dwelling-house of Mrs. Parker against damage by fire.   The house was damaged by fire to the extent of $800, which was paid by the insurer (the York Company) on August 15, 1935.   The insurance policy under which payment was made contained the following subrogation clause: "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall on payment of said loss be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."   On November 12, 1935, Mrs. Parker sued the Georgia Power Company in the city court of Macon, for damage by fire to certain property not compensated for by the insurance, alleging that the fire was caused by the negligence of the Georgia Power Company.   On January 13, 1936, Mrs. Parker assigned to the York Company, to the extent of $800, her claim for damages to her real property against any person responsible for the fire, and reserved to herself her claim for

damage by fire to her personal property. The total loss and damage to both real and personal property of Mrs. Parker, the plaintiff says, arose out of a single wrongful act, to wit, the negligence of the power company, and that the rights of the plaintiff as subrogee will be defeated if Mrs. Parker is permitted to prosecute her separate suit against the power company. The plaintiff prayed for an order and decree enjoining Mrs. Parker from prosecuting her separate suit against the power company in the city court of Macon, for its consolidation with the plaintiff's suit in Bibb superior court, and for a judgment against the power company for the amount paid by the plaintiff to Mrs. Parker, to wit, the sum of $800, in its right as subrogee. The power company filed its general demurrer on the ground that there was no equity in the petition, and that it set forth no cause of action against this defendant; and demurred specially on certain grounds which were met by amendment. The court overruled the demurrer, and granted an interlocutory injunction as prayed. The defendant excepted.

The provision of the policy with reference to subrogation is as follows: "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of said loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment." The plaintiff in error contends that the York Insurance Company waived its right to subrogation, and therefore has no cause of action, because it failed to assert its right on the payment of the loss as claimed by the insured under the terms of the policy. In support of this contention the following decisions were cited: *Firemen's Fund Ins. Co.* v. *Thomas,* 49 *Ga. App.* 731 (176 S. E. 691); *Firemen's Insurance Co.* v. *Ga. Power Co.,* 181 *Ga.* 621 (183 S. E. 799). In neither of these cases, however, was there any assignment of the cause of action existing in favor of the insured against the tort-feasor; and for this reason, if not for others, the present case is distinguished. While in the case at bar the insured may have waived its right to subrogation as provided for in the policy, and may be wholly prevented from relying upon that principle, yet the payment of the loss did not render it illegal for the insurer to obtain from the insured a valid assignment of all, or a part, of

the cause of action against the tort-feasor; and it appears from the petition that it did obtain from the insured a partial assignment. This assignment gives to the insurer the same right and position which any other person might have had by reason of a similar assignment. "A partial assignment of a debt will not vest in the assignee such a title to the portion of the debt assigned as can be enforced in a common-law action, unless the debtor assented to the assignment. . . Such an assignment is, however, enforceable in equity, though the debtor did not assent thereto, provided all parties at interest are before the court so that the rights of each in the fund in controversy may be determined in one suit and settled by one decree." *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499); *Bell Finance Co.* v. *Johnson,* 180 *Ga.* 567 (179 S. E. 703). The insured had instituted a suit in the city court for a partial recovery, and in this suit the rights of the insurance company as a partial assignee were ignored. The insurer therefore had the right to sue in equity, in order that a recovery might be had against the tort-feasor for the benefit of all persons having an equitable interest in the cause of action. The insurer could not have protected its equity by an intervention in the city court; certainly not as effectually as in a court of equity. The court did not err in overruling the demurrer, or in granting an interlocutory injunction.

*Judgment affirmed. Presiding Justice Beck, Justices Gilbert and Bell, and Judges Graham and Knox, concur.*