6560.   ISON COMPANY *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

WADE, J.   1. The act of the General Assembly approved August 15, 1908 (Acts of 1908, p. 83), does not prohibit the sale and assignment of choses in action arising ex contractu. *King v. State,* 136 *Ga.* 709, 710 (71 S. E. 1093). The right to purchase the salary or wages of another, the right of the latter to sell the same, and the right to charge a greater rate of discount on such purchases than 5 per cent., are not affected by this act. "The act never intended to interfere with the right of the citizen to make a bona fide contract for such purchases or sale, or charges, save as a part of an usurious transaction, and there is nothing

in the act authorizing a construction that the right to make such contracts is thereby impaired." *King* v. *State*, supra.

2. The laborer assigned $10 as having been actually earned and as actually due him by his employer at the date of the assignment. At that time only $8.48 had been in fact earned by him, and his employer became indebted to him in no additional amount up to the time suit was instituted against the employer by the assignee. The assignee was entitled to recover the sum of $8.48 under these circumstances, though it would be otherwise if the employer had in fact owed to the laborer a sum in excess of the amount assigned by him at the time the assignment was executed, or had become indebted to him for wages in an amount in excess of the sum assigned prior to the bringing of the suit, and in such case an equitable proceeding would have been necessary to enforce such a partial assignment of the entire debt due the laborer by the employer. *Central of Georgia Railway Co.* v. *Dover*, 1 *Ga. App.* 240 (57 S. E. 1002). "While a chose in action is in this State assignable so as to vest the title in the assignee [Civil Code, § 3653], a partial assignment of a debt due the assignor will not vest in the assignee such a title to the part of the debt assigned as can be enforced in a common-law action, without a previous acceptance by the debtor. . . Hence it is that, in order to enforce such fractional assignments of a single debt, acceptance by the debtor must be shown." *Rivers* v. *Wright*, 117 *Ga.* 81, 83, 84 (43 S. E. 499). "Where one makes an assignment of his entire salary, earned and to be earned, for a named period, in a given employment in which he is engaged, it is not necessary for the assignee thereof to go into a court of equity in order to recover the amount of such salary, for such period, from the assignor's employer. Resort to a court of equity is only necessary when the assignment is of a part, instead of the whole of the salary. *First National Bank* v. *Hartman Steel Co.*, 87 *Ga.* 435 [13 S. E. 586]; *Walton* v. *Horkan*, 112 *Ga.* 814 [38 S. E. 105, 81 Am. St. R. 77]; *Rivers* v. *Wright*, 117 *Ga.* 81." *Western Union Telegraph Co.* v. *Ryan*, 126 *Ga.* 191 (55 S. E. 21). See, in this connection, *So. Ry. Co.* v. *Pitner*, ante, 451 (87 S. E. 754).

(*a*) The entire amount due to the assignor by his employer in this case had been earned on or before the date of the assignment to the plaintiff. No additional amount became thereafter due to the assignor by his employer, and the entire debt due to the assignor was less than the amount assigned by him to the plaintiff. Since the whole salary earned by and due to the assignor, and not simply a portion thereof, was covered by the assignment, resort to a court of equity would not be necessary to enforce the plaintiff's demand.

3. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed.*

DECIDED JANUARY 10, 1916.

Certiorari; from Fulton superior court—Judge Ellis. March 6, 1915.

*Gober & Jackson,* for plaintiff.

*Robert C. & Philip H. Alston,* for defendant.