## 27822. ZINK v. DAVIS FINANCE COMPANY.

SUTTON, J. In this case, where suit was brought for a conversion of a sum of money representing salary alleged to have been assigned in writing by the defendant to the plaintiff, and by the defendant collected from his employer and spent for his own use, the judge of the municipal court of Atlanta, before whom the case was tried without a jury, was authorized to find from the evidence that for the sum of $20 the plaintiff purchased from the defendant salary of $24; that at the time of the assignment the defendant owed the plaintiff nothing, and actually received from it the consideration of $20; that the transaction was entirely separate from and in no way connected with any previous transaction between the parties; that the settlement on the same day of a previous transaction was not made under any promise or expectation that the assignee would make to the assignor the advance of money in the transaction which is the subject-matter of this suit; that the assignment of the salary of $24 did not involve an amount which was approximately the same as that of any previous loan or assignment between the parties, and, standing alone, constituted a bona fide sale of the defendant's salary, and did not with any previous assignment constitute a loan of money at usurious interest or a scheme or device to evade the laws of this State against usury. *Hubbard* v. *Bibb Brokerage Co.*, 44 *Ga. App.* 1 (3) (160 S. E. 639); *Hood* v. *Bibb Brokerage Co.*, 44 *Ga. App.* 31 (160 S. E. 683). Accordingly, the appellate division of the municipal court properly affirmed the judgment of the trial court overruling the defendant's motion for new trial, and the judge of the superior court did not err in overruling the defendant's application for certiorari and denying a new trial. This case is distinguished on its facts from *Parsons* v. *Fox*, 179 *Ga.* 605 (176 S. E. 642), *Portwood* v. *Bennett Trading Co.*, 184 *Ga.* 617 (192 S. E. 217), and other cases cited by plaintiff in error.

(a) The right of one duly licensed under the act of 1904 (Ga. L. 1904, p. 79; Code, § 25-201 et seq.) to engage in the business of purchasing salaries is not affected by the provision of the act of 1908 (Ga. L. 1908, p. 83; Code, § 57-117) that "No person, company, or corporation shall reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than five per centum per month, either directly or indirectly, by way of commission for advances, discount, exchange, the purchase of salary or wages, by notarial or other fees, or by any contract, contrivance, or device whatever," etc. *Jackson* v. *State*, 5 *Ga. App.* 177 (62 S. E. 726); *Ison Co.* v. *A. C. L. R. Co.*, 17 *Ga. App.* 459 (87 S. E. 754); *McLamb* v. *Phillips*, 34 *Ga. App.* 210, 213 (129 S. E. 570); *King* v. *State*, 136 *Ga.* 709 (71 S. E. 1093); *Tollison* v. *George*, 153 *Ga.* 612, 616 (112 S. E. 896); *Jackson* v. *Johnson*, 157 *Ga.* 189 (121 S. E. 230). Nor does § 25-208, that "Any sale or assignment of wages or salary, whether made for the purpose of securing a debt in existence before said assignment is made or for the purpose of procuring an advancement of money at the time the assignment is made, shall be governed in all

respects by the provisions of this chapter" (c. 25-2 of title 25), apply to an absolute bona fide purchase of salary by one duly licensed as in the present instance. *Hubbard* v. *Bibb Brokerage Co.*, supra.

(b) Where a written assignment of salary is made for a consideration actually received, and not merely as security for a loan, the provisions of the Code, § 25-316, are not applicable, and the signature of the wife of the seller and assignor is not essential to the validity thereof.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED OCTOBER 27, 1939. REHEARING DENIED NOVEMBER 13, 1939.

*Victor K. Meador,* for plaintiff in error.
*Don K. Johnston,* contra.